Appellants James Castro Bryant, Jr. and Leona J. Bryant, the grandparents of Jamie Leigh Beal, together with the child's mother, Helen J. Roth, filed an application for placement for the purpose of adoption by the Bryants. The child's father, appellant Terry A. Beal, objected. Following a hearing, the trial court entered judgment in Beal's favor, holding that the child could not be adopted without the father's consent, because he had made attempts to remain in contact with the child during the year preceding the hearing, and because, although Beal had failed to provide any support to the child for the year preceding the hearing, there was justifiable cause for that failure.
From the judgment of the trial court, the Bryants appeal.
 I
On March 28, 1988, Jamie Leigh Beal was born to Helen J. Roth and Terry Albert Beal. Because of difficulties experienced by the parents, the child's maternal grandparents, James Casto Bryant, Jr., and Leona J. Bryant, assumed responsibility for the child. In September, 1991, Terry Beal was incarcerated as a result of a criminal conviction. He remained incarcerated until several months after the filing of the application for placement of Jamie Leigh Beal.
Following the Beals' divorce, the Domestic Relations Division of the Montgomery County Common Pleas Court granted custody of Jamie to her maternal grandparents.
In his brief, Terry Beal sets forth the following facts:
 At the hearing, much testimony was illicited about the contributions made by the maternal grandparents for the care of Jamie, who has mild cerebral palsy, and the lack of contributions made by the father even prior to his incarceration. Appellee does not challenge the account of this testimony contained in Appellant's Statement of the Facts because he believes that is not relevant. During the year prior to the filing of the application, appellee made no contribution for the support of Jamie or her sister. His monthly prisoner stipend, the only resource available to him, was barely enough to cover his own expenses for toiletries and the like. He did, however, attempt to communicate with Jamie. He testified that he spoke to her by telephone when she was visiting in the home of his mother. His previous efforts to call Jamie at the home of the maternal grandparents had been squelched by prison authorities, who responded to a complaint from the maternal grandmother by warning him not to call again. He mailed a card to Jamie at his mother's address prior to Jamie's birthday on March 28, 1996, and his mother saved the postmarked envelope, entered into evidence at the hearing.
Following a hearing, the Montgomery County Common Pleas Court, Probate Division, rendered judgment in favor of the father, Terry Beal, holding that he had made reasonable efforts to contact the child within the year preceding the hearing, and that his failure to provide any support to the child during the year preceding the hearing was with justifiable cause.
From the judgment of the trial court, the Bryants appeal.
 II
The Bryants' First Assignment of Error is as follows:
 PURSUANT TO OHIO REVISED CODE § 3107.07(A), THE COURT ERRED IN DENYING APPELLANTS THE RIGHT TO ADOPT JAMIE LEIGH WITHOUT THE CONSENT OF APPELLEE.
The consent of an actual parent is not required for the adoption of the child if either: (1) the parent has failed, without justifiable cause, to communicate with the minor for a period of at least one year immediately preceding the filing of the application; or (2) the natural parent has failed, without justifiable cause, to support the child "for a period of at least one year immediately preceding the filing of the Application for Placement for the Purpose of Adoption." R.C. § 3107.07(A)(1) and (2). In this case, the trial court found that the father had made reasonable efforts to communicate with the child, and our review of the record leads us to conclude that there is evidence in the record to support that finding.
However, we conclude that the trial court applied an incorrect standard of law in determining that there was justifiable cause for the father's failure to support the child for a period of at least a year preceding the filing of the application for placement. R.C. § 3107.07(A)(2) provides that the consent of a natural parent to adoption is not required if the parent has failed to support the child for a period of at least one year immediately preceding the filing of the Application for Placement, and if that failure was without justifiable cause. In this case, the Bryants showed that Terry Beal had failed to support his child for the entire period of the child's life, from her birth on March 28, 1988, until the filing of the Application for Placement on March 25, 1996, a period of almost eight years. This eight-year period is a period of at least a year, satisfying the statutory requirement. The issue then became whether the failure to support the child during this eight-year period was without justifiable cause. Although Terry Beal has succeeded in showing that during the last year of this period his failure to support the chid was with justifiable cause, the issue is whether the entire period of non-support immediately preceding the filing of the application for placement was with justifiable cause.
In our view, the logical construction of the statute requires an analysis of the entire period of non-support immediately preceding the filing of an application for placement. If the General Assembly had intended that only the year immediately preceding the application be considered, there would be no reason for the General Assembly to have inserted the words "at least," between the words "for a period" and "one year immediately preceding," in the statute. In that case, the statute would provide that the consent of a natural parent is not required when "the parent has failed without justifiable cause. . . . to provide for the maintenance and support of the minor as required by law or judicial decree for a period of one year immediately preceding. . . . the filing of the adoption petition." However, with the insertion of the words "at least," the statute contemplates that there may be a period of more than one year immediately preceding the filing of the adoption petition during which a parent has failed to provide for the maintenance and support of the minor, and if the failure to so provide was without justifiable cause, then the consent of the natural parent is not required. In determining whether there is justifiable cause for the failure to support a minor child, the court must look to the entire period of non-support, rather than some portion thereof during which the parent may have been unable to support the child.In Re Adoption of Bovett (1987), 33 Ohio St.3d 102.
Because we conclude that the trial court erred when it limited its consideration of the existence of justifiable cause to the one year immediately preceding the application for placement, the Bryants' First Assignment of Error is sustained.
 III
The Bryants' Second Assignment of Error is as follows:
 THE PROBATE COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO GRANT APPELLANTS' REQUEST FOR A STATEMENT AS TO THE FINDINGS OF FACT AND CONCLUSIONS OF LAW, PURSUANT TO RULE 52 OF THE OHIO RULES OF CIVIL PROCEDURE.
The judgment entry from which this appeal is taken is as follows:
 This cause came on before the Court for hearing on the Application for Placement for Adoption filed by Helen J. Roth, James Casto Bryant, Jr. and Leona J. Bryant, through counsel, filed on March 25, 1996. Also before the Court is an objection by the natural father, Terry Albert Beal, filed on April 16, 1996.
 The Court, after reviewing the testimony and evidence presented at said hearing, and after reviewing the Memoranda of the Petitioners and the Brief of Terry Beal, the natural father, hereby finds that for the year in question the natural father was incarcerated and therefore under a disability.
 The testimony reveals that the fact is that no money was paid as support. Further, the Court finds that the natural father did in fact mail a card to his daughter addressed to his parents apparently for the purpose of having them deliver it to his daughter who was living with his ex-wife, and that he did on several occasions try to contact his daughter by calling the Bryants, who in turn notified the warden, and that the warden notified the natural father that if he made any more phone calls he would be punished.
 In view of the above, the Court finds that consent of the natural father is necessary in this case.
In our view, the facts set forth in the above-quoted judgment entry, while not extensive, are sufficient (although we have found the trial court's legal analysis to be flawed, as noted in Part II, above). Accordingly, the Bryants' Second Assignment of Error is overruled.
 IV
The Bryants' First Assignment of Error having been sustained, the judgment of the trial court is Reversed, and this cause isRemanded for further proceedings consistent with this opinion.
WOLFF, J., concurs.