JOURNAL ENTRY and OPINION
This cause came on for appeal from the order of the Cuyahoga County Court of Common Pleas — Probate Division granting the petition of appellees George and Deborah Kasunic (fka Deborah Koenig) for the adoption of Katie Lynn Kasunic by George Kasunic. Appellant Robert Koenig, the biological father of Katie Kasunic, opposed the petition for adoption at the trial court level and herein appeals the order of the trial court granting the petition. Because we find that the trial court's decision to grant the petition for adoption was supported by clear and convincing evidence, we affirm the ruling of the trial court.
Katie Lynn Kasunic (fka Katie Lynn Koenig) was born on August 3, 1988 of the union of Robert Koenig and Deborah Britting. No other children were born of this marriage. On or about February 23, 1994 a final divorce decree was journalized in the Cuyahoga County Court of Common Pleas — Domestic Relations Division, legally terminating the marriage. As part of the divorce decree, custody of the parties' minor child was awarded to Deborah Koenig, although the appellant was allowed limited visitation privileges. During the years immediately following the divorce, the appellant and his ex-wife became embroiled in at least two separate incidents where it was alleged that the appellant caused bodily harm to and/or threatened his ex-wife. These incidents resulted in the appellant being convicted on two misdemeanor charges in the Rocky River Municipal Court, as well as the issuance of a temporary protective order which precluded the appellant from having any contact with his ex-wife or child. The temporary protective order was issued on January 3, 1996 and expired by its terms two years thereafter.
Appellee Deborah Kasunic remarried in April of 1997 to co-appellee George Kasunic. Since the time of this marriage, Katie has been residing with the Kasunics on a full time basis. All of the relevant testimony at trial tended to indicate that Katie has a good relationship with George Kasunic and that he has been providing financial support for her since the time that he married her mother. It should also be noted that the record reflects that the appellant was making regular child support payments per the terms of the couple's divorce decree. These support checks are purportedly deposited directly by Deborah Kasunic into a special annuity established to help pay the cost of Katie's college tuition.
The appellees filed their adoption petition on July 1, 1999. At the time that the petition was filed, the last contact the appellant had with Katie was in early 1995 — not including the incidents which gave rise to the temporary protective order and criminal charges.
The trial court conducted a full evidentiary hearing on the adoption petition on March 7, 2000. After permitting the parties to submit proposed findings of fact and conclusions of law, the trial court issued a six-page judgment entry on May 15, 2000 in which it granted the petition for adoption, concluding that the appellant's consent to the adoption was not required under R.C. 3107.07(A) as the appellant had, without justifiable cause, failed to communicate with Katie for the one year period preceding the filing of the petition.
The appellant timely filed the within appeal from the decision of the trial court. The appellant presents two assignments of error for this court's review. The appellant's two assignments of error are interrelated, having a common basis in law and fact, and will be addressed concurrently in this opinion. Assignments of error one and two state:
 I. THE PROBATE COURT ERRED IN FINDING RESPONDENT'S-FATHER'S CONSENT TO THE ADOPTION OF KATIE LYNN KASUNIC WAS NOT REQUIRED UNDER 3107.07(A).
 II. THE PROBATE COURT ERRED, IN THAT ITS JUDGMENT IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
A parent's consent for adoption is not required if the parent has failed without justifiable cause to do the following for a period of one year prior to the filing of an adoption petition: (1) communicate with the child; or (2) to provide for the maintenance and support of the child as required by law or judicial decree. R.C. 3107.07. If the petitioner proves either failure to communicate or failure to support, consent is not required. See In re Adoption of Holcomb (1985), 18 Ohio St.3d 361,481 N.E.2d 613. The petitioner must prove by clear and convincing evidence: (1) failure to communicate or support within the one-year period and (2) lack of justifiable reason for the failure. In re Adoption of Bovett (1987), 33 Ohio St.3d 102, 515 N.E.2d 919.
The evidence that the appellant did not have contact with his daughter during the one-year period preceding the filing of the adoption petition is not in dispute. Rather, the appellant contends that this failure to maintain contact was justifiable under R.C. 3107.07(A) because of the existence of the temporary protective order preventing him from contacting his ex-wife and because of other actions taken by the appellees to frustrate the appellant in his attempts to see his daughter. The appellant points to the fact that he regularly sent birthday, Christmas and other special occasion cards, some containing cash, to his daughter. Yet, peculiarly, the appellant sent these cards to his own address, knowing that they would not be received by his daughter. The appellant also testified that he did not know where the appellees were residing and that he did not have a phone number to reach the appellees.
If the custodial spouse moves without leaving a forwarding address and does not inform the other spouse of the move and if the address cannot be discovered without a substantial investigatory effort, then the non-custodial parent may have justifiable cause for failing to communicate. In re Adoption of Holcomb (1985), 18 Ohio St.3d 361,481 N.E.2d 613; In Re: Seaman (Feb. 1, 2001), Cuyahoga App. No. 78093, unreported.
Although we have some sympathy for the appellant's plight, and the fact that he may have been misinformed as to the nature and extent of his rights, we cannot conclude that the trial court abused its discretion in deciding that the appellant's consent was not necessary to approve the adoption under R.C. 3107.07(A). The temporary protective order referred to by the appellant expired on January 3, 1998, more than 18 months prior to the filing of the adoption petition. The appellant was either aware of this fact or could have been made aware by merely contacting the proper authorities. The appellant retained counsel during the divorce proceedings, during the criminal proceedings and during the instant proceedings. It is not unreasonable to expect that the appellant contact counsel to find out his rights concerning visitation and/or contact with his daughter and to have then proceeded accordingly through the proper channels.
Significant interference by a custodial parent with communication between the non-custodial parent and the child, or significant discouragement of such communication, is required to establish justifiable cause for the non-custodial parent's failure to communicate with the child. Holcomb, supra, at paragraph 3 of the syllabus. The question of whether justifiable cause exists in a particular case is a factual determination for the probate court and will not be disturbed upon appeal unless such determination is unsupported by clear and convincing evidence. Id. In the instant case, the appellant was vague as to any efforts made to locate his daughter. For a good deal of the time period after the appellees were married, they resided in the same community as the appellant. There was no evidence that the appellees made any effort to conceal themselves. Additionally, the appellant's contention that his ex-wife interfered with his attempts to see his daughter is not consistent with his assertion that he did not make contact because of a wrongly held belief that a temporary protective order was still in effect.
Accordingly, we find that the trial court's determination that the appellant, without justification, did not have contact with his daughter during the one year period preceding the filing of the adoption petition was supported by clear and convincing evidence.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court Probate Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________ MICHAEL J. CORRIGAN, J.