OPINION
Respondent-appellant, George Edward Barrett, Jr., appeals a decision of the Clermont County Court of Common Pleas, Probate Division, finding that his consent is unnecessary in the adoption of his son, Blake Edward Barrett ("Blake"), by petitioner-appellee, Joseph G. Myers.
Blake was born on June 8, 1996. At that time, appellant and Jennifer Myers, Blake's mother, were living together. Appellant and Jennifer separated in February 1997 and Blake continued to live with Jennifer. Jennifer married Joseph in October 1997.
In 1997, appellant filed a request for a paternity test. After paternity was established, a support order was entered in April 1998 directing appellant to pay $236 a month in child support. Appellant received no visitation rights under the order, such being left for subsequent action. Appellant sought to object to the order by complaining to the Child Support Enforcement Agency, but undertook no court action. Appellant also sought Legal Aid representation, but Legal Aid claimed a conflict of interest due to its representation of appellant's mother in an action for grandparent visitation with Blake. Under the April 1998 child support order, appellant made one payment of $50 in December 1998.
In 1997, appellant was convicted of felonious assault and placed on probation. Appellant subsequently worked occasionally for his brother-in-law until he went to Kentucky in June 1998. Upon his return to Ohio in November 1998, appellant's probation was revoked and appellant was jailed in January 1999. He remained in the county jail until April 1999 when he was sentenced and transferred to prison. Due to his incarceration, appellant's child support obligation was subsequently reduced to $51 per month.
On May 13, 1999, Joseph filed a petition to adopt Blake, alleging that appellant's consent was unnecessary because appellant had unjustifiably failed to communicate with or financially support Blake in the previous twelve months. A hearing on the petition was held in January 2000. By decision filed March 8, 2000, the probate court found that appellant's failure to communicate with Blake was justified due to the hostility between appellant and Jennifer. With regard to appellant's failure to support Blake, the probate court found that "[w]hile there may be justifiable cause for his failure to support during the 4 month period of incarceration, *** there is no justifiable cause for the remaining 8 months of the year prior to May 13, 1999." As a result, the probate court held that appellant's consent to the adoption petition was unnecessary. By entry filed April 13, 2000, the probate court granted Joseph's petition to adopt. Appellant appealed to this court.
By decision filed November 20, 2000, this court reversed and remanded the probate court's March 2000 decision as follows:
The trial court correctly stated that incarceration may justify [appellant's] failure to support Blake for a portion of the year preceding Joseph's petition. But, the trial court's entry is unclear as to the effect of [appellant's] incarceration. This court cannot discern if the trial court concluded that [appellant's] incarceration justified his failure to support Blake or if the trial court determined otherwise. Nor did the trial court provide any indication of whether [appellant's] minimal support payment was only a token payment or a payment of substance.
Due to the ambiguities in the trial court's decision, we must vacate that judgment and remand the cause. The trial court must reconsider its decision *** and clarify whether [appellant's] failure to support Blake was justified by his incarceration and whether his single minimal support payment in December 1998 preserved his parental rights.
In re Adoption of Myers (Nov. 20, 2000), Clermont App. No. CA2000-05-032, unreported, at 7-8 ("In re Adoption of Myers I").
By decision filed December 27, 2000, the probate court found that appellant's four-month incarceration justified his failure to support during that time. The probate court, however, also found that
[appellant] has not demonstrated a legitimate inability to pay support[,] and that his minimal $50.00 support payment just prior to entering prison was a token payment and not a payment of substance.
Thus, when considering the twelve month period as a whole *** I find that the four month period of incarceration and the token payment does [sic] not provide justifiable cause for [appellant's] failure to support and his consent should not be required for this adoption to proceed under R.C. 3107.07(A).
This appeal follows in which appellant raises a single assignment of error claiming that the probate court erred by finding that his consent was unnecessary for Blake's adoption to proceed.
A natural parent's consent to the adoption of his child is governed by R.C. 3107.07 which provides in part that:
Consent to adoption is not required of ***:
(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minoror to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner. (Emphasis added.)
In the case of a failure to support, the party petitioning to adopt the child must prove, by clear and convincing evidence, that the natural parent has failed to support the child for the requisite one-year period, and that his failure was without justifiable cause. In re Adoption ofBovett (1987), 33 Ohio St.3d 102, paragraph one of the syllabus. Once the petitioning party has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least one year, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure. The burden of proof, however, remains with the petitioning party. Id. at paragraph two of the syllabus.
When determining the foregoing issues, the probate court should look to the entire duration of the failure to support, rather than a single period within the preceding year. Id. at 106. Thus, the probate court must determine whether the natural parent's failure to support the child for that period as a whole (and not just a portion thereof) was without justifiable cause. Id. at paragraph three of the syllabus. The probate court's determination that the natural parent's failure to support was without justifiable cause will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. Id. at paragraph four of the syllabus.
In the case at bar, it is undisputed that appellant's single payment of $50 during the one-year period preceding the adoption petition (May 1998-May 1999) does not satisfy the support requirement of R.C. 3107.07. See In re Adoption of Myers I, Clermont App. No. CA2000-05-032, unreported. Accordingly, the sole issue is whether the probate court's finding that appellant's failure to support was without justifiable cause was erroneous.
Pursuant to an April 1998 court order, appellant was required to pay $236 per month in child support. As the probate court found, appellant at first made no child support payments because he "was under some mistaken belief that a withholding of visitation was an excuse for his withholding support." Although appellant filed an objection to the April 1998 child support order to have visitation along with the support order, he did not attend the June 1998 hearing on his objection as "he had gone to Kentucky."
Appellant testified that while in Ohio, he occasionally did some construction work for his brother-in-law for which he was never paid. In June 1998, appellant went to Kentucky because he "was having a rough time at that time." While in Kentucky from June to November 1998, appellant worked "[a] little bit." Appellant testified that during that time, he "was just having a really rough time" as he was not able to see his son and was going through a divorce. Appellant's mother testified that from May to December 1998, appellant was "living all over the place with his buddies[,]" and that while he "worked just a little bit, *** [she] was helping him out each month with food and *** clothes *** [as] he didn't have no income enough to make it nowhere."
After weighing the credibility of all the testifying witnesses (including Jennifer and Joseph), the probate court evidently found that appellant's testimony regarding his failure to support was not credible, but that even if it was believed, it did not meet appellant's burden of going forward with evidence to show some facially justifiable cause for such failure. We are unwilling to disturb the probate court's determination since "[t]he probate court is in the best position to observe the demeanor of the parties, to assess their credibility, and to determine the accuracy of their testimony." In re Adoption of Holcomb
(1985), 18 Ohio St.3d 361, 367. Under the facts of this case, we cannot say that the probate court's decision was against the manifest weight of the evidence. We therefore find that the probate court did not err by finding that appellant's consent was unnecessary for Blake's adoption to proceed. Appellant's assignment of error is overruled.
YOUNG, P.J., and VALEN, J., concur.