This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Lane Yerian appeals the order of the Medina County Probate Court denying his petition for adoption. This Court affirms.
Appellee Dennis Prtenjak and Lisa Yerian, f.k.a. Lisa Prtenjak, were married and three children were the issue of their marriage: Mia Prtenjak, born December 28, 1990; Margaux Prtenjak, born March 20, 1993; and Sebastian Prtenjak, born April 25, 1995. Dennis and Lisa divorced. Lisa retained custody of the children. Lisa subsequently remarried the appellant.
On September 13, 2000, appellant filed a petition for adoption for the three children. Appellee filed objections. Trial on the petition was convened on June 25 and 26, 2001. The trial court dismissed the petition for adoption, concluding that though appellee "did not communicate with the children, he had justifiable cause for such failure, and therefore, consent is required."
Appellant has timely appealed, asserting one assignment of error.
 ASSIGNMENT OF ERROR The trial court erred in concluding that "interference with communication" existed where there was neither "meaningful interchange" between Appellee and the children nor "significant interference" as between mother and Appellee within the appropriate "look-back" period.
In his assignment of error, appellant claims that the trial court erred by denying his petition for the adoption of Mia, Margaux, and Sebastian without the consent of appellee. This Court disagrees.
R.C. 3107.06 provides, in pertinent part: "[A] petition to adopt a minor may be granted only if written consent to the adoption has been executed by all of the following: * * * (B) The father of the minor[.]"
However, R.C. 3107.07 provides, in part:
 Consent to adoption is not required of any of the following: (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
In the instant case, appellee has refused his consent to the adoption. Appellant has the burden of proving then by clear and convincing evidence that both (1) the parent either failed to communicate with the child for at least a year or failed to provide for the maintenance and support of the child for at least a year, and (2) such failure was without justifiable cause. In re Adoption of Bovett (1987), 33 Ohio St.3d 102, paragraph one of the syllabus. "Once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure. The burden of proof, however, remains with the petitioner." Id. at paragraph two of the syllabus. When the requisite degree of proof is clear and convincing, the evidence must be sufficient to "produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
"The question of whether a natural parent's failure to support his or her child has been proven by the petitioner by clear and convincing evidence to have been without justifiable cause is a determination for the probate court, and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." In reAdoption of Bovett, supra, at paragraph four of the syllabus. As a reviewing court, we must be cautious not to substitute our judgment for that of the trial court when its conclusion is supported by the manifest weight of the evidence.
When evaluating whether a judgment is against the manifest weight of the evidence in a civil contest, the standard of review is the same as that in the criminal context. Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported. In determining whether a criminal conviction is against the manifest weight of the evidence:
 the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [jury/trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment/conviction] must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the [judgment/conviction].
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v. Otten
(1986), 33 Ohio App.3d 339, 340. Accordingly, before an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice.
The trial court concluded that appellee did not communicate with his children from September, 1999 to September, 2000. However, the trial court also found that appellant had not proven by clear and convincing evidence that this failure to communicate was without justifiable cause. The trial court specifically found that appellant had not proven by clear and convincing evidence that "Father's failure to communicate was not justified by Mother's actions of not providing a current address and refusing to take the children to visitation." The trial court also found that appellee had filed a motion to terminate supervised companionship and a motion to require definite and specific companionship on March 10, 1999, or six months prior to appellant filing his petition for adoption.
Based on the evidence presented at the hearing, this Court cannot say that the trial court clearly lost its way. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
SLABY, P.J., BAIRD, J. CONCUR.