DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Nancy H. ("Mother"), has appealed from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that denied her motion for visitation and also denied her motion to vacate a prior order that granted concurrent jurisdiction to the probate court. This Court affirms.
 I {¶ 2} Mother is the natural mother of A.H., born November 15, 1995. A.H. was removed from her mother's custody pursuant to a dependency and neglect complaint filed in this case on August 26, 1996. A.H. was later adjudicated a dependent child due to Mother's mental health and drug abuse problems. A.H. was placed with Appellees, Lisa and Eugene Martin, Mother's sister and her husband. The Martins were granted legal custody of the child on January 16, 1997. At that time, Mother's whereabouts were unknown.
 {¶ 3} On November 15, 2004, Mother moved for a "change of legal custody." The parties appeared before a magistrate for a status conference on January 7, 2005. At that time, Mother explained that she was not actually seeking legal custody of A.H., but was requesting a court order for visitation with her child because, according to Mother, the Martins were not allowing her to visit with A.H.
 {¶ 4} On February 4, 2005, the Martins filed a motion for "concurrent jurisdiction" and "consent to adoption." In their motion, the Martins indicated that they planned to file an adoption petition in the probate court and asked the juvenile court to consent to that adoption. This motion was not served on Mother. On February 8, 2005, the juvenile court issued an order that purported to grant "concurrent jurisdiction" to the probate court so that the Martins could proceed to file a petition to adopt A.H.
 {¶ 5} The Martins filed an adoption petition in the probate court during early March 2005.[1] On August 16, 2005, while the adoption petition was still pending in probate court, Mother filed in the juvenile court a motion to vacate the order of concurrent jurisdiction. She asserted that she had been denied due process because the court had granted the motion without giving her prior notice and an opportunity to be heard on the issue.
 {¶ 6} On October 5, 2005, the trial court held a hearing on the motion to vacate. At that hearing, it also briefly questioned the parties about Mother's request for visitation. On October 27, 2005, the trial court denied the motion to vacate its prior order of "concurrent jurisdiction" and also denied Mother's request for visitation, finding that visitation at that time was not in the best interest of A.H. The trial court explained that it based its decision to deny visitation on an in camera interview of A.H. by the magistrate, Mother's lack of contact with A.H. and her failure to request visitation for almost eight years, and the fact that an adoption petition was pending in probate court.
 {¶ 7} Mother has timely appealed and raised six assignments of error, which will be consolidated and rearranged for ease of discussion.
 II. Assignment of Error Number One
"THE TRIAL COURT ERRED IN RULING THAT IT DID NOT HAVE JURISDICTION OVER THE MINOR CHILD AND MUST DISMISS APPELLANT'S MOTION FOR A CHANGE OF LEGAL CUSTODY."
 Assignment of Error Number Two
"THE TRIAL COURT ERRED BY SUA SPONTE DISMISSING APPELLANT'S MOTION FOR A CHANGE OF LEGAL CUSTODY FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED."
 Assignment of Error Number Five
"THE TRIAL COURT DEPRIVED APPELLANT OF DUE PROCESS OF LAW AND IN SO DOING VIOLATED THE U.S. AND OHIO CONSTITUTIONS BY DENYING APPELLANT'S MOTION FOR VISITATION."
 Assignment of Error Number Six
"THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR VISITATION."
 {¶ 8} Through her first, second, fifth, and sixth assignments of error, Mother has asserted that the trial court erred by refusing to consider her "motion for change of legal custody" of A.H. and by denying her request for visitation. Although her motion was captioned a request for "change of legal custody," Mother has not asserted on appeal, nor did she in the trial court, that she should have been given legal custody of A.H. It is undisputed that Mother sought only court-ordered visitation with her child.
 {¶ 9} Mother has asserted that the trial court erred in finding that it lacked jurisdiction over A.H. and by sua sponte dismissing her motion for change of legal custody. Although the trial court did purport to "dismiss" Mother's request for legal custody, which she was not seeking anyway, it is clear from the record that the trial court fully considered her request for visitation. Thus, any claims by Mother that the trial court denied her due process or that it otherwise erred in "dismissing" her motion are unfounded.
 {¶ 10} Mother has also asserted that the trial court denied her due process by failing to provide her with an opportunity to present evidence before it denied her request for visitation. The trial court explained that it had based its decision to deny Mother's request for visitation on the following considerations: the magistrate's in camera interview with A.H., the Martins' pending petition to adopt A.H., and the fact that Mother had not had contact with A.H. since December 24, 1999 and that she had waited until A.H. had been in the Martins' legal custody for almost eight years before seeking to establish any right to visitation.
 {¶ 11} Mother has not asserted that the trial court incorrectly decided, based on the evidence before it, that visitation was not in the best interest of A.H. at that time. Instead, her sole challenge is that the trial court denied her due process and based its decision on incomplete information because she was not given the opportunity to explain the reasons for her lack of contact with A.H.
 {¶ 12} To demonstrate a denial of due process, an appellant typically must make a showing of identifiable prejudice. SeeEstes v. Texas (1965), 381 U.S. 532, 542, 85 S.Ct. 1628,14 L.Ed.2d 543. Although Mother did appear and participate in all of the court hearings following the filing of her request for visitation, she contends that the trial court never allowed her to present evidence to explain her lack of contact with A.H. Mother has failed to demonstrate, however, that an explanation of her absence would have changed the trial court's decision to deny her request for visitation.
 {¶ 13} The juvenile court considered the facts that A.H. had not had any contact with Mother for several years, that Mother had waited almost eight years to even request any visitation with her child, and that A.H. did not know her mother and expressed to the magistrate a lack of desire to get to know her. The trial court also considered the highly significant fact that the Martins had filed a petition to adopt A.H., which had been pending in the probate court for seven months at that point.
 {¶ 14} Regardless of Mother's reasons for failing to have contact with A.H., her justification would not have changed the fact that she had not had any contact for several years and that an adoption was pending. The juvenile court could reasonably conclude that ordering visitation between Mother and A.H. at that time, knowing that it might be terminated in a matter of weeks or months if the adoption petition was granted, would not have been in the best interest of A.H.
 {¶ 15} The juvenile court could also reasonably conclude that the reasons for Mother's lack of contact would be fully litigated in the probate court and Mother's due process rights would be protected by the adoption proceeding, as mandated by statute.
 {¶ 16} Although A.H. had been placed in the legal custody of the Martins, Mother retained certain "residual parental rights, privileges, and responsibilities." See Juv.R. 2(II). Mother's residual rights included the right to consent to an adoption of A.H. or to withhold her consent. Id. Mother had not consented to the Martins adopting A.H., so the Martins could proceed with an adoption petition without her consent only if they could establish:
"that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner." (Emphasis added.) R.C. 3107.07(A).
To adopt a child without the parent's consent, the petitioner for adoption must prove, by clear and convincing evidence, that the parents failed to communicate or support the child for the requisite one-year period and that their failure was without justifiable cause. See In re Adoption of Bovett (1987),33 Ohio St.3d 102, 102; In re Adoption of Holcomb (1985),18 Ohio St. 3d 361, paragraph four of the syllabus.
 {¶ 17} The parties indicated at one of the hearings that the Martins were proceeding with their adoption petition pursuant to R.C. 3107.07(A) due to the lack of contact by Mother. As the Martins were required to convince the probate court, by clear and convincing evidence, that Mother's lack of contact with A.H. was unjustified, her due process rights would be fully protected by that proceeding.
 {¶ 18} Moreover, the juvenile court was justified in refusing to delve into the identical issue that was already being litigated in the probate court in a separate proceeding. The juvenile court reasonably concluded that it should defer to the probate court's resolution of whether Mother's lack of contact with A.H. had been justified.
 {¶ 19} As Mother has failed to demonstrate any error by the trial court, her first, second, fifth, and sixth assignments of error are not well taken.
 Assignment of Error Number Three
"THE TRIAL COURT ERRED BY DENYING THE MOTION TO VACATE THE ORDER OF CONCURRENT JURISDICTION AND ITS CONSENT TO THE ADOPTION OF THE CHILD."
 Assignment of Error Number Four
"THE TRIAL COURT DEPRIVED APPELLANT OF DUE PROCESS OF LAW AND IN SO DOING VIOLATED THE U.S. AND OHIO CONSTITUTIONS BY DENYING APPELLANT'S MOTION TO VACATE THE TRIAL COURT'S CONSENT TO ADOPT THE MINOR CHILD."
 {¶ 20} Through her remaining two assignments of error, Mother has argued that the trial court erred in refusing to vacate its prior order granting concurrent jurisdiction to the probate court because she had not been given notice or an opportunity to be heard on the issue. The trial court had granted the Martins' request to give the probate court concurrent jurisdiction over A.H. so that they could file a petition to adopt her.
 {¶ 21} Although Mother sought to vacate this order, she also asserted at the hearing on the motion to vacate that the trial court's "order" granting concurrent jurisdiction to the probate court was a nullity. This Court agrees that no such order was necessary to grant the probate court jurisdiction over the adoption.
 {¶ 22} Jurisdiction over probate proceedings is vested exclusively in the probate court. State ex rel. Portage CountyWelfare Dept. v. Summers (1974), 38 Ohio St.2d 144, paragraph two of the syllabus. Even where the juvenile court has continuing jurisdiction over a child pursuant to R.C. 2151.353(E)(1), as it did here, the probate court may exercise its jurisdiction in an adoption proceeding concerning that child. State ex rel.Hitchcock v. Cuyahoga Cty. Court of Common Pleas, Probate Div.
(1994), 97 Ohio App.3d 600, 604.
 {¶ 23} Although both parties apparently believed that the consent of the juvenile court was required before the Martins could proceed with their adoption petition, they have misunderstood Ohio statutory and case law. The parties seemed to believe that R.C. 3107.06 required them to get the consent of the juvenile court before the Martins could proceed with their adoption petition. The explicit terms of R.C. 3107.06, however, provide that its consent requirements do not apply to petitions filed pursuant to R.C. 3107.07, seeking to bypass parental consent due to lack of contact with the child. See, also, In reAdoption of Geisman (Sept. 29, 2000), 11th Dist. No. 99-A-0071, 2000 WL 1460035. It was undisputed that the Martins were proceeding to adopt A.H. pursuant to R.C. 3107.07, asserting that Mother's consent was not required due to her lack of contact with the child.
 {¶ 24} Because the juvenile court's consent to the adoption was not required in this case, both the trial court's order granting concurrent jurisdiction to the probate court and its subsequent order refusing to vacate it had no impact on the rights and obligations of these parties. Consequently, Mother has failed to demonstrate any prejudicial error by the trial court. The third and fourth assignments of error are without merit.
 III {¶ 25} Mother's six assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Boyle, J. concur.
[1] There is no such probate court filing in this juvenile court record, but both parties made undisputed representations to this effect during subsequent juvenile court hearings.