[Cite as *In re Adoption of Z.R.B.*, 2024-Ohio-4922.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

IN THE MATTER OF THE ADOPTION
OF Z.R.B.

:
:
:
:   C.A. No. 30006
:
:   Trial Court Case No. 2023 ADP 00048
:
:   (Appeal from Common Pleas Court-
:   Probate Division)
:
:

. . . . . . . . . . .

O P I N I O N

Rendered on October 11, 2024

. . . . . . . . . . .

ROBERT L. SCOTT, Attorney for Appellant

CYNTHIA M. ROSE, Attorney for Appellee

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant Father appeals from a judgment of the Montgomery County Court of Common Pleas, Probate Division, that found his consent was not required to proceed with adoption proceedings involving Father's biological child.   For the following reasons,

the judgment of the probate court is affirmed.

## I.      Factual and Procedural History

{¶ 2} Mother and Father were never married but had one child together, who was born in July 2016.   At that time, both Mother and Father were residing in New York. Father visited the child once when she was approximately one month old.

{¶ 3} Mother and the child moved to Ohio in June 2017 to be near Mother's relatives.   Mother married Stepfather in 2021.   Stepfather filed this adoption action on May 3, 2023.   The petition for adoption alleged that Father's consent to the adoption was not necessary because he had had no contact with the child.

{¶ 4} Father filed an objection to the adoption.   A hearing was conducted on November 21, 2023.   Following the hearing, the probate court concluded that Father's consent to the adoption was not necessary because Father had failed to visit with or provide support for the child.

{¶ 5} Father appeals.

## II.      Consent

{¶ 6} The sole assignment of error asserted by Father states:

TRIAL COURT ERRED HOLDING FATHER'S CONSENT TO ADOPTION WAS NOT NECESSARY

{¶ 7} Father claims the probate court's finding that his consent to the adoption was unnecessary was not supported by the evidence.

**{¶ 8}** "The right of a biological parent to the care and custody of his or her children is fundamental and not easily extinguished." *In re Adoption of R.A.H.*, 2021-Ohio-1667, ¶ 10 (2d Dist.), citing *Santosky v. Kramer*, 455 U.S. 745, 753-754 (1982). Thus, parents "must be afforded every procedural and substantive protection the law allows." *In re Hayes*, 79 Ohio St.3d 46, 48 (1997), quoting *In re Smith*, 77 Ohio App.3d 1, 16 (6th Dist.1991). Accordingly, R.C. 3107.06 states that "a petition to adopt a minor may be granted only if written consent to the adoption has been executed" by any person whose consent is required. The father of the child is presumed to have the right to withhold consent to an adoption under R.C. 3107.06(B). *In re Adoption of H.P.*, 2022-Ohio-4369, ¶ 20. A party seeking to adopt may overcome this presumption by establishing that an exception to the consent requirement exists as provided under R.C. 3107.07. *Id.*

**{¶ 9}** Of relevance hereto, R.C. 3107.07 provides that consent to an adoption is not required of a parent under the following circumstances:

Consent to adoption is not required of any of the following:

(A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

R.C. 3107.07(A).

{¶ 10} The term "justifiable cause" is not defined in R.C. 3107.07. However, it has been defined as meaning "[c]apable of being legally or morally justified; excusable; defensible." (Citations omitted.) *In re Adoption of B.I.*, 2017-Ohio-9116, ¶ 10 (1st Dist.). The Ohio Supreme Court has "refused to adopt a 'precise and inflexible meaning' for 'justifiable cause,' but instead has stated that 'the better-reasoned approach would be to leave to the probate court as finder of fact the question of whether or not justifiable cause exists.' " *In re Adoption of W.K.S.*, 2014-Ohio-3847, ¶ 22 (2d Dist.), citing *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 367 (1985).

{¶ 11} The party seeking to adopt has the burden of proving, by clear and convincing evidence, that an exception to the consent requirement applies. *In re Adoption of D.W.D.-H.*, 2023-Ohio-1999, ¶ 3 (2d Dist.). "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. Once the petitioner has established by clear and convincing evidence that the biological parent has failed to have more than de minimus contact with or provide support for the child in the year preceding the filing of the petition, the burden of going forward with evidence shifts to the biological parent to show some facially justifiable cause for the failure. *In re Adoption of Bovett*, 33 Ohio St.3d 102 (1987), paragraph two of the syllabus.

{¶ 12} We review the probate court's decision under a manifest weight of the evidence standard, which requires us to weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the probate court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new hearing ordered. *In re Adoption of J.L.*, 2019-Ohio-366, ¶ 25 (1st Dist.). Importantly, we must be mindful that the probate court, as the trier of fact, is in the best position to observe the demeanor of the parties, to assess their credibility, and to determine the accuracy of their testimony. *Id.*

{¶ 13} There is no dispute that Father had not visited with the child since she was a newborn. Nor is there any dispute that he had failed to provide any form of support for the child during her lifetime. Father attempted to assert justifiable cause by blaming Mother for his lack of contact with the child and by noting that Mother had never filed an action seeking child support.

{¶ 14} This argument is disingenuous at best. While it appears Father did not know Mother's phone number or address, he presented no evidence to establish that he ever sought that information. Father's own testimony revealed that, despite being able to message Mother directly through her Instagram account, his only contact with her consisted of occasionally commenting on photos of the child which Mother had posted to that account. He admitted he had had no direct communication with the child. During the hearing, Father did not even claim that he had wanted to have visitation or communication with the child. He further did not claim that Mother had denied him

visitation in any way or otherwise interfered with his parental rights. Father testified that he had obtained Mother's telephone number through a mutual friend and that he had spoken with Mother and Stepfather in 2018. However, he did not claim to have asked for visitation at that time or at any time before the filing of the adoption petition. Nor did he claim that he had ever provided, or even offered, any type of financial support for the child.

{¶ 15} Father appears to argue that the trial court, as part of its justifiable cause determination, should have considered that he had filed a paternity action with the Montgomery County Juvenile Court. However, the court did note in its decision that Father had filed a paternity action. It is not clear from the record why the paternity action was filed because, as stated by the probate court, Father admitted during the hearing that the child was his. Importantly, we have stated that a "parent's efforts to enforce his parental rights" is a "relevant consideration" when that enforcement action is taken prior to the filing of the stepparent adoption petition. *In re Adoption of R.A.H.*, 2021-Ohio-1667, ¶ 14, quoting *In re Adoption of M.G.B.-E.*, 2018-Ohio-1787, ¶ 43. Here, Father filed his paternity action after he was served with the adoption petition. Thus, the probate court did not err in failing to find it relevant to the justifiable cause determination.

{¶ 16} We conclude that this record supports the probate court's determination that Father failed to have even de minimus contact with or provide any support for the child during the year preceding the filing of the petition for adoption. We further conclude that the record supports the court's finding that Father failed to demonstrate justifiable cause for the lack of contact and support. Thus, the court did not err in concluding that Father's

consent was not required for the adoption.

{¶ 17} Accordingly, the sole assignment of error is overruled.

### III.    Conclusion

{¶ 18} The judgment of the probate court is affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.