DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Ty B. Granakis, has appealed from the judgment of the Medina County Court of Common Pleas, Probate Division, that dismissed his petition for adoption. This Court reverses and remands for further proceedings.
 I {¶ 2} Jonathan Conley, Appellee, and Kristin Granakis ("Mother") are the biological parents of S.N.C., born March 13, 1999.[1] Appellee and Mother were not married to each other, but lived together with the child until July 2000. At that time, Mother left with the child. On July 6, 2001, she married Appellant, who now seeks to adopt the child.
 {¶ 3} On February 7, 2003, with Mother's consent, Appellant commenced proceedings to adopt the child. In his petition, Appellant alleged that the consent of Appellee was not required because he had failed without justifiable cause to communicate with the minor for a period of at least one year. R.C. 3107.07(A).
 {¶ 4} A hearing on the question of whether the consent of Appellee was required was conducted on May 21, 2003. Based on the evidence presented at the hearing, the trial judge found that Appellant failed to prove that Appellee's lack of communication for the one year period immediately preceding the filing of the adoption petition was without justifiable cause. Appellant has timely appealed, asserting three assignments of error for review. Because the first and third assignments of error are related, they will be considered together.
 II Assignment of Error Number One
"The trial court's decision in denying appellant's step parent adoption proceeding was against the manifest weight of the evidence and was not supported by reliable, substantive and probative evidence."
 Assignment of Error Number Three
"The trial court erred when it failed to find that the appellee's failure to communicate with his minor child for the requisite one year period, immediately preceding the filing of the adoption petition as continued (sic) in R.C. 3107.07 was without justifiable cause."
 {¶ 5} Appellant's first and third assignments of error challenge the finding of the trial court that Appellee's lack of communication for the year immediately preceding the filing of the adoption petition was without justifiable cause. Appellant has claimed that the finding is erroneous and against the weight of the evidence. We agree.
 {¶ 6} R.C. 3107.07(A) provides that consent to an adoption is not required by:
"A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 7} Therefore, as applicable to the instant case, R.C. 3107.07(A) provides that Appellee's consent to the adoption of his child is not required if the court finds that Appellee has failed without justifiable cause to communicate with the child between February 7, 2002 and February 7, 2003.
 {¶ 8} "The party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the parent failed to communicate with the child during the requisite period and that there was no justifiable cause for the failure of communication." In re Adoption ofHolcomb, (1985), 18 Ohio St.3d 361, paragraph four of the syllabus. Once the petitioner has met this initial burden, "the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure. The burden of proof, however, remains with the petitioner." In re Adoption of Bovett (1987), 33 Ohio St.3d 102, paragraph two of the syllabus.
 {¶ 9} A hearing on the question of the necessity of consent to the adoption was conducted by the trial court. Evidence was presented, establishing the following. When the child was sixteen months old, Mother and child moved out because Mother believed Appellee had an alcohol problem. Thereafter, the child spent every other weekend with Appellee. Mother usually transported the child because she was concerned about the possibility of Appellee drinking prior to driving with the child. She based this fear on her belief that Appellee had been under the influence of alcohol on one occasion when he returned the child to her. Mother was also aware of a recent D.U.I. citation of Appellee.
 {¶ 10} Meanwhile, on July 6, 2001, Mother married Appellant.
 {¶ 11} Mother became concerned about what might be happening at Appellee's home because she noticed that the child exhibited mood swings and angry behaviors after his weekend visits with Appellee. In November 2001, Mother's concern grew to the point that she drove to the Appellee's home and picked up the child because she did not feel comfortable with the child being there. The record does indicate that Mother had asked the police to check on the home at that time, and the police observed no problem. Nevertheless, Mother told Appellee she was very upset and would call him later. There has been no regular visitation between Appellee and child since that time.[2]
 {¶ 12} In December 2001, Mother called Appellee and told him "that things had to change." She told him she preferred that Appellee agree to surrender his rights to the child. Appellee refused. Mother said she suggested to Appellee that he get anger management counseling, deal with his drinking, and transport the child to and from visitations himself. She told him that things had to improve if he wanted to continue a parenting-relationship with the child. She then suggested that he take 30 days to think about it. Appellee never called her back.
 {¶ 13} Mother insisted that she did not tell Appellee he could not see the child anymore. She did not call him again, but waited for him to call her. She also maintained that she had done nothing to thwart Appellee's efforts to see the child. Mother maintained that she had the same cell phone number, known to Appellee, during the entire one-year period.
 {¶ 14} Early in 2002, Mother filed for child support, doing so on the basis of what she has now claimed was poor legal advice. Appellee appeared for the hearing and has paid child support consistently since then. According to Mother, Appellee did not ask about the child and has not contacted the child since that time.
 {¶ 15} Mother and Appellant moved with the child to another home in March 2002. While Mother had given Appellee the addresses for her three previous residences, she did not give Appellee the address or telephone number of this home. Mother explained that she did not do so because Appellee had not called her, nor had he apparently sent anything through the mail for the child. Testimony was presented that mail was being forwarded to the current address until May 2003.
 {¶ 16} For his part, Appellee admitted that he had not communicated with the child during the requisite period, and also that he is an alcoholic with no valid driver's license and a DUI conviction. He conceded that he had Mother's cell phone number at all relevant times. He was aware of Mother's addresses from July 2000 until March 2002. He admitted he had not addressed his drinking problem until his recent enrollment in an Alcoholics Anonymous program. He stated that his alcoholism prevented him from communicating with the child and that he did not call Mother because he believed that it would be futile. He understood Mother's words to mean that she would not permit him to visit with the child until he quit drinking and took anger management classes.
 {¶ 17} In this case, the evidence is undisputed that Appellee failed to communicate in any manner with the child during the requisite one-year period. The only remaining question was whether there was justifiable cause for such failure. The question of whether justifiable cause was proven by clear and convincing evidence is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. See In reAdoption of Bovett, (1987), 33 Ohio St.3d 102, paragraph four of the syllabus.
 {¶ 18} "Justifiable cause" for failure to communicate has been defined as "significant interference" with communication or "significant discouragement" of communication. Holcomb, 18 Ohio St.3d at 367-68. Clear and convincing evidence requires such evidence that will "produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 19} When evaluating whether a civil judgment is against the manifest weight of the evidence, the standard of review is the same as that in the criminal context. In re Ozmun (Apr. 14, 1999), 9th Dist. No. 18983., at 3. In determining whether a criminal conviction is against the manifest weight of the evidence:
"The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." (Citations omitted.) State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 20} Appellee has attached significance to the fact that Mother did not give him her address or home telephone number as of March 2002. It is not clear, however, when or whether Appellee may have learned that the move was made, since he conceded that he did not even attempt to telephone Mother. This argument is moot, in any event, because Appellee conceded that he had Mother's cell phone number at all relevant times. Appellee further stated that he did not call Mother on her cell phone, because he believed it would be futile. In other words, he apparently did not believe that Mother would agree to allow him to visit with the child.
 {¶ 21} In the present case, we must consider whether Appellee has met his burden of going forward with the evidence to show a "facially justifiable cause" for his failure of communication for the requisite year. Bovett, at paragraph two of the syllabus. Appellee would have us conclude that because he was an untreated alcoholic and believed it would be futile to ask Mother if he could visit with the child as he had before, that his failure to communicate with the child was justified.
 {¶ 22} Even assuming that Appellee was correct in concluding that he might have been unsuccessful in convincing Mother to let him spend a weekend with the child, that does not mean he could not have communicated with the child in other ways. Appellee could have spoken with the child over the telephone. He could have sent mail or gifts to the child. Since Appellee admitted that he did not even once attempt any form of communication with the child despite having the means of doing so, we cannot conclude that Appellee met his burden of going forward with evidence of some facially justifiable cause for his failure to communicate during the requisite one-year period.
 {¶ 23} Because Appellee failed to meet his burden of going forward with evidence of justifiable cause, Appellant is obligated only to prove a failure of communication by the requisite standard. See In re Adoptionof Masa, (1986), 23 Ohio St.3d 163, 167. We conclude that Appellant has clearly met his burden, and, therefore, the judgment of the trial court is against the weight of the evidence. The first and third assignments of error are well taken.
 Assignment of Error Number Two
"The trial court erred when it failed to find that the [appellant] had shown, by clear and convincing evidence, that the [appellee] had failed to communicate with his minor child for the requisite one year period, immediately preceding the filing of the adoption petition as contained in R.C. § 3107.07."
 {¶ 24} In the second assignment of error, Appellant has claimed that the trial court erred in failing to find that Appellee did not communicate with the child for the requisite one year period. The trial court did not enter such a finding. Indeed, a finding that Appellee failed to communicate with the child for one year is implicit in the ensuing consideration of whether such failure was without justifiable cause. Accordingly, we overrule the second assignment of error on its merits.
 III {¶ 25} Appellant's first and third assignments of error are sustained. Appellant's second assignment of error is overruled. The judgment of the trial court is reversed and the cause remanded for further proceedings.
Judgment reversed and cause remanded.
BAIRD, P.J. CONCURS.
[1] Appellee's name is on the birth certificate and he later signed an acknowledgment of parentage at the Child Support Enforcement Agency.
[2] Appellee testified that he saw the child once more while the child was at the home of a friend "right after New Year's." He also took gifts to the child. This visit, however, did not come within the requisite one-year period.