{¶ 26} Because I believe the record demonstrates that Mr. Granakis failed to prove, by clear and convincing evidence, that Mr. Conley's lack of communication with his child was without justifiable cause, I must respectfully dissent.
 {¶ 27} As stated by the majority, the burden is on the party petitioning for adoption to prove, by clear and convincing evidence, that the non-consenting parent has failed to communicate with the child during the requisite period and also that there was no justifiable cause for the failure of such communication. The non-consenting parent has only the burden of going forward with a "facially justifiable cause" for such failure. See In re Adoption of Bovett (1987), 33 Ohio St.3d 102, paragraph two of the syllabus. The adopting party, otherwise, continues to have the burden of proving that there was no justifiable cause for the failure of communication. Id. The Ohio Supreme Court has suggested that "significant interference" or "significant discouragement" with communication by a custodial parent is required to establish justifiable cause. In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, paragraph three of the syllabus.
 {¶ 28} In this case, Mr. Conley apparently visited with his child on alternate weekends for nearly one and one-half years after the mother (now "Mrs. Granakis") of the child moved out. He has regularly paid child support and has recently enrolled in Alcoholics Anonymous. While Mrs. Granakis denies that she refused to allow Mr. Conley to see his son at all, it is apparent that Mr. Conley was convinced to the contrary, and was inhibited by Mrs. Granakis' actions in calling the police to his home, removing the child, no longer offering transportation, and admonishing him to address his alcoholism and anger issues. Furthermore, when these factors are combined with the fact that Mr. and Mrs. Granakis did not immediately report their new address to Mr. Conley, I believe the record demonstrates that Mr. Conley has come forward with a facially justifiable cause and that Mr. and Mrs. Granakis have significantly discouraged Mr. Conley from communicating with his son.
 {¶ 29} In an area of the law where a single Christmas card has been judged sufficient communication to require consent to adoption by a parent, see, e.g., In re Peshek (2001), 143 Ohio App.3d 839, 841, it seems to me that Mr. Conley had justifiable cause for his lack of communication and that his consent for adoption should be required.
 {¶ 30} Moreover, in my view, the issue before us turns largely on the credibility of the central parties. I am persuaded that the trial judge, having seen the witnesses and heard their testimony, was in the best position to evaluate their credibility. In this case, the trial judge found that Mr. Granakis failed to prove that the lack of communication by Mr. Conley was without justifiable cause. I see no reason to dispute that finding. Accordingly, I would affirm the judgment of the trial court.