IN RE ADOPTION OF BOVETT.

[Cite as In re Adoption of Bovett (1987),
33 Ohio St. 3d 102.]

(No. 86-1995—Decided December 2, 1987.)

*Brenda B. Alleman,* for appellant.
*John T. Conroy,* for appellee.

HERBERT R. BROWN, J. This case calls upon us to again interpret and refine the application of R.C. 3107.07 (A). That section provides that the consent of a natural parent for the adoption of his or her minor child is not required "when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that *the parent has failed without justifiable cause * * * to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding * * * the filing of the adoption petition * * *.*" (Emphasis added.) For the following reasons, we reverse the judgment of the court of appeals and reinstate the judgment of the probate court.

## I

In *In re Adoption of Masa* (1986), 23 Ohio St. 3d 163, 23 OBR 330, 492 N.E. 2d 140, paragraph one of the syllabus, we held:

"Pursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, that the natural parent has failed to support the child for the requisite one-year period and that this failure was without justifiable cause. (*In re Adoption of Holcomb* [1985], 18 Ohio. St. 3d 361, paragraph four of the syllabus, extended.)"

Appellant urges us to reconsider the wisdom of *Masa,* contending that it is unfair for a petitioner for adoption to bear the burden of proving that the natural parent's failure to support the

child was without justifiable cause. Appellant argues that because the natural parent is in a better position than the petitioner to know of his or her financial circumstances, the natural parent should bear the burden of proving that such failure was justifiable.

In *Masa, supra,* we stated:

"In *Santosky* v. *Kramer* (1982), 455 U.S. 745, 747-748, the court held that '[b]efore a State may sever completely and irrevocably the rights of parents in their natural child, *due process requires that the State support its allegations* by at least clear and convincing evidence.' (Emphasis added.) The burden of proof was clearly placed on the state in *Santosky.* Likewise, R.C. 3107.07(A) places on the petitioner for adoption the burden of proving his allegations of failure to support and lack of justifiable cause. *Any change in this burden of proof could offend the Due Process Clause, for whether it is the state or a petitioner, the party bringing the action seeks to terminate fundamental parental rights and such party must support his allegations.* For this reason we stated in *In re Adoption of Holcomb* (1985), 18 Ohio St. 3d 361, 368, that '[n]o burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable.' " (Emphasis added.) *Id.* at 166, 23 OBR at 332, 492 N.E. 2d at 142, fn. 2.

We find this reasoning to be as persuasive today as when it was first written. Therefore, we decline appellant's invitation to overrule *Masa.* Accordingly, we reemphasize that pursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, both (1) that the natural parent has failed to support the child for the requisite one-year period, and (2) that this failure was without justifiable cause.[1]

II

Appellant's concern with the placement of the burden of proof in *Masa* indicates to us that there may be some misunderstanding of the law of that case among the Ohio bench and bar. As we explained in *Masa:*

"Lest one may think we are placing an unfair burden on the adopting parent, *it should be pointed out that the adopting parent has no legal duty to prove a negative. If the natural parent does not appear to go forward with any evidence of justification, obviously the adopting parent has only the obligation of proving failure of support by the requisite standard.*" (Emphasis added.) *Id.* at 167, 23 OBR at 333, 492 N.E. 2d at 143.

Therefore, a natural parent may not simply remain mute while the petitioner is forced to demonstrate why the parent's failure to provide support is unjustifiable. Rather, once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the *burden of going forward with the evidence* is on the natural parent to show some facially justifiable cause for such failure. The *burden of proof,* however, remains with the petitioner.

III

In making its determination of justifiable cause, the probate court in the case *sub judice* focused upon appellee's

---

[1] Under R.C. 3107.07(A), adoption may proceed without consent if the natural parent has failed to communicate with the child for a period of one year. The failure to communicate proviso, which is an alternative to the failure to support proviso, is not before us on the facts of this case.

circumstances during the entire year during which he failed to make support payments. After finding that appellee was employed for nine of the twelve months during that year, and that his salary for eight of those months was $22,000 per year, the court concluded that appellee had "willfully failed to support the child and that he displayed his willful intent by failing to send any support during the one year period prior to the filing of this action although he was gainfully employed during that time."[2]

The court of appeals below maintains that once appellee had come forward with evidence showing that he was unemployed for three of the twelve months, the probate court should have looked only at the evidence of his financial circumstances *during that period of unemployment,* in order to determine whether his failure to provide support during that period was justifiable. As the court of appeals held:

"If, during *any part* of the year prior to the filing of the adoption petition, the nonsupporting parent had justifiable cause for not paying support, he is not barred from objecting to the adoption." (Emphasis added.)

We disagree with the court of appeals' interpretation of R.C. 3107.07 (A). That statute states that a natural parent's consent is not required if both (1) the parent either (a) failed to communicate with the child for at least one year or (b) failed to provide for the maintenance and support of the child for at least one year, and (2) such failure was without justifiable cause. See *In re Adoption of Lay* (1986), 25 Ohio St. 3d 41, 42, 25 OBR 66, 67, 495 N.E. 2d 9, 10; *Masa, supra,* at 165, 23 OBR at 331, 492 N.E. 2d at 142; *In re Adoption of Holcomb* (1985), 18 Ohio St. 3d 361, 366-367, 18 OBR 419, 423-424, 481 N.E. 2d 613, 619; *In re Adoption of McDermitt* (1980), 63 Ohio St. 2d 301, 303-304, 17 O.O. 3d 195, 196-197, 408 N.E. 2d 680, 682; see, also, *In re Adoption of Anthony* (1982), 5 Ohio App. 3d 60, 62, 5 OBR 156, 159, 449 N.E. 2d 511, 515.

The statute and the cases make clear that a failure either to communicate with the child or to provide for the maintenance and support of the child must be shown to have continued for an entire year before the issue of justifiable cause is reached. See, *e.g., Lay, supra; Masa, supra; Holcomb, supra,* paragraph two of the syllabus. Once such a failure has been proven, the probate court must then decide whether *that failure* was without justifiable cause. See *Lay, supra; Masa, supra; Holcomb, supra.*

Therefore, in making its determin-

---

[2] It is evident that the probate court applied the old "willfully failed to properly support" standard of former R.C. 3107.06 (B)(4) rather than the "without justifiable cause" standard employed in R.C. 3107.07 (A). We have previously noted that there is a close similarity between the two standards. See *In re Adoption of McDermitt* (1980), 63 Ohio St. 2d 301, 305-306, 17 O.O. 3d 195, 197-198, 408 N.E. 2d 680, 683-684. See, also, *In re Adoption of Lewis* (1966), 8 Ohio St. 2d 25, 37 O.O. 2d 376, 222 N.E. 2d 628, paragraph three of the syllabus, and *In re Adoption of Biddle* (1958), 168 Ohio St. 209, 6 O.O. 2d 4, 152 N.E. 2d 105, para-graph six of the syllabus, both of which provide in virtually identical language that: "A parent may be found to have 'willfully failed' to support, within the meaning of Section 3107.06, Revised Code, when [where] such parent[,] knowing of the duty and being able to provide such support[,] voluntarily and intentionally fails to do so." Notwithstanding the similarity between R.C. 3107.07(A) and former R.C. 3107.06 (B)(4), we urge the probate courts throughout Ohio to avoid needless confusion by applying the standards embodied in the *current* statutes of the Ohio Revised Code.

ation of whether a failure to provide support was without justifiable cause, we believe that the focus of the probate court's inquiry must encompass the *entire duration* of the failure. We think the rule espoused by the court of appeals would make it exceedingly difficult for a petitioner for adoption to meet his or her burden under R.C. 3107.07(A), as he or she would have to show that the failure of the natural parent to provide any support for an entire year was not justified "during *any part*" of that year. Under such a rule, the application of R.C. 3107.07(A) could be defeated unless the petitioner could prove lack of justification for every single day. Suppose, for example, the natural parent were to become sick for several days.

Although we are properly obliged to strictly construe the language of R.C. 3107.07(A) in order to protect the interests of a natural parent, see *Holcomb, supra,* at 366, 18 OBR at 424, 481 N.E. 2d at 619, we are not persuaded to adopt a construction so strict as to turn the statute into a sham. Nor will we read language into the statute which is not there. Accordingly, we hold that under R.C. 3107.07 (A), the probate court shall determine the issue of justifiable cause by considering the evidence of the natural parent's financial circumstances for the statutory period for which he or she failed to provide support. The court shall decide whether the parent's failure to support the child *for that period as a whole* (and not just a portion thereof) was without justifiable cause.

## IV

As we held in *Masa, supra*: "The question of whether justifiable cause for failure to pay child support has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." *Id.* at paragraph two of the syllabus.[3] In the cause *sub judice,* the probate court properly looked to the evidence of appellee's circumstances during the full year in which he failed to make support payments, and determined that despite his three-month period of unemployment, appellee's failure to support his child for the year as a whole was without justifiable cause. Under the facts of this case, we cannot say that such determination was against the manifest weight of the evidence.

Accordingly, the judgment of the court of appeals is reversed and the judgment of the probate court is reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

DOUGLAS, J., concurs separately.

DOUGLAS, J., concurring. I concur in the judgment of the majority. Any relief from the oppressive and unworkable rule regarding who is to prove the "without justifiable cause" portion of R.C. 3107.07(A) is welcome

---

[3] As it reads, paragraph two of the *Masa* syllabus could be construed to place the burden of proof upon the natural parent. Given the clear and unambiguous language to the contrary in paragraph one of that syllabus, such would be a misreading of *Masa.* We have, however, adjusted the language of paragraph four of the syllabus in the cause *sub judice* to properly reflect the holding in *Masa.*

and long-overdue. Regardless of how the majority plays with words, the net result is that the within decision markedly changes the impossible burden placed upon a prospective adopting parent by this court's previous decisions in *In re Adoption of Holcomb* (1985), 18 Ohio St. 3d 361, 18 OBR 419, 481 N.E. 2d 613; *In re Adoption of Masa* (1986), 23 Ohio St. 3d 163, 23 OBR 330, 492 N.E. 2d 140; *In re Adoption of Gibson* (1986), 23 Ohio St. 3d 170, 23 OBR 336, 492 N.E. 2d 146; and *In re Adoption of Lay* (1986), 25 Ohio St. 3d 41, 25 OBR 66, 495 N.E. 2d 9.

Today's decision should return some semblance of order to adoption cases which are proceeding, in part, pursuant to R.C. 3107.07(A). Probate courts will now be able to return to the long-established rules and procedures which were consistently followed prior to our unfortunate decisions listed *supra.* Paragraph two of the syllabus herein is of considerable help, although seemingly internally contradictory. At least now the non-supporting or non-communicating natural parent will have *some* responsibility to show why proper support and/or communication was not forthcoming.

In addition to the foregoing, this case presents us with an opportunity to decide what the language of the statute means concerning support and/or communication during the critical one-year period. I agree that this initial determination should be made by the probate judge and his or her judgment should not be tampered with absent an abuse of discretion.

What specific guidance needs to be given, however, is whether the making of one payment of support during the year or the sending of a Christmas card is enough to frustrate the operation of the statute. Certainly the legislature could not have meant such a result. In fact, it is pertinent to note that the statute, R.C. 3107.07(A), contains other verbiage that has not been considered or discussed. The section requires "* * * maintenance and support of the minor as *required by law or judicial decree* for a period of at least one year immediately preceding * * * the filing of the adoption petition * * *." (Emphasis added.) Literally interpreted, this could mean that the missing of one or two payments of support, as required by the court order then in effect, would be enough to trigger the operation of R.C. 3107.07(A), thereby negating the need for consent to adoption. This would likewise not be fair or equitable even if such limited non-payment was "without justifiable cause." Thus, the determination must be left to the trial judge who can view the entire spectrum of events and the rights, duties and responsibilities of all the parties appearing in the case.

In short, I think we need to set forth that the probate court is not bound to negate the effect of the statute simply because a natural parent has made a payment or two during the year or has communicated once or twice during the year. Until this court meets and decides that issue, inconsistent judgments of trial courts and courts of appeals on the question will continue to prevail.