DECISION AND JUDGMENT ENTRY {¶ 1} In this adoption case, the natural mother, Shannon Grube, appeals the Ross County Probate Court's determination that her consent to the adoption was not required on the basis she failed, without justifiable cause, to provide for the maintenance and support of her child within the one-year period preceding the filing of the adoption petition. Ms. Grube contends that her failure to provide for the maintenance and support of the child was justified because she reasonably believed that the child's natural father and his wife, Mr. and Mrs. Hughes, adequately provided for the child, and her support was not needed. Ms. Grube also argues that the court never ordered her to pay child support, and Mr. and Mrs. Hughes never requested, nor wanted, her support. Because the evidence overwhelmingly supports Ms. Grube's belief that her financial *Page 2 
assistance was not necessary for the support of her child, and such a belief was reasonable, the trial court's judgment to the contrary is against the manifest weight of the evidence.
 {¶ 2} Ms. Grube also contends the trial court's denial of her request for appointed counsel in a proceeding to terminate her parental rights denied her right to equal protection and due process. However, in light of our decision on the consent issue, we do not address her constitutional concerns.
 I. Facts {¶ 3} Shelby Ann Hughes was born April 26, 1999, and is the natural daughter of Shannon Grube and Robert Hughes. In March of 2003, the Ross County Juvenile Court awarded custody to Mr. Hughes and awarded Ms. Grube supervised visitations with her daughter one time per week. The court also terminated Mr. Hughes' child support obligation to Ms. Grube but did not order Ms. Grube to pay support to Mr. Hughes.
 {¶ 4} On July 28, 2006, Mr. Hughes' wife, Debra Hughes, filed a petition to adopt Shelby, her step-daughter. The petition alleged that the consent of the mother, Ms. Grube, was not required because she had "failed without justifiable cause" to communicate with her daughter, or to provide for her maintenance and support, for a period of at least one year before the filing of the petition. Mr. Hughes filed a written consent to his daughter's adoption on the same date.
 {¶ 5} The Ross County Probate Court conducted a hearing to determine whether Ms. Grube's consent was required. The court denied Ms. Grube's request for appointment of counsel, and she proceeded pro se. *Page 3 
 {¶ 6} At the hearing, Ms. Grube testified that she called the Hughes' residence in February 2006, in an attempt to speak to her daughter, but Mrs. Hughes advised her that the child did not wish to speak with her and terminated the conversation. Ms. Grube also testified that she attempted to communicate with her daughter in April 2006, by sending a card to the Hughes' residence via certified mail. She confirmed her attempt by introducing a copy of a certified mail receipt apparently signed by Mr. Hughes. Additionally, Ms. Grube produced three cards that she sent the child in 2005, and each had been returned to her.
 {¶ 7} During her testimony, Mrs. Hughes admitted that Ms. Grube did call her residence and requested to speak with the child in February, 2006. She further testified that she did receive the card mailed by Ms. Grube in April 2006, and she asked the child if she wanted it, but the child indicated that she did not. She also admitted receiving the three cards in 2005, and returning them because Shelby did not want them. Mr. and Mrs. Hughes both testified that Ms. Grube has failed to provide anything by way of maintenance or support for the child in the one-year preceding the filing of the petition to adopt.
 {¶ 8} Ms. Grube admitted that she had not provided support or maintenance for the child in the one-year period preceding the filing of the petition to adopt. She testified that the last items of support and maintenance she sent to the child were Christmas gifts mailed in December, 2003. She testified that the reason she did not provide anything for the child was because of her expectation that anything she might have sent would be returned to her. She *Page 4 
also testified that Mr. and Mrs. Hughes informed her that they did not want any support from her.
 {¶ 9} Mr. and Mrs. Hughes both testified that they never discussed the matter of support and maintenance with Ms. Grube. However, Mrs. Hughes testified that she wrote in one of the cards she returned to Ms. Grube that Shelby did not want anything from her.
 {¶ 10} In its judgment entry, the trial court found that Mrs. Hughes failed to establish by clear and convincing evidence that Ms. Grube failed without justifiable cause to communicate with her child during the one-year period preceding the filing of the adoption petition. However, the trial court did find Mrs. Hughes established by clear and convincing evidence that Ms. Grube failed without justifiable cause to provide for the maintenance and support of the child as required by law during the one-year period. Accordingly, the trial court concluded that Ms. Grube's consent to the adoption was not required.
 II. Assignments of Error {¶ 11} On appeal Ms. Grube asserts the following assignments of error:
 I. THE TRIAL COURT ERRED WHEN IT DENIED MS. GRUBE'S REQUEST FOR APPOINTMENT OF COUNSEL IN A PROCEEDING TO TERMINATE HER PARENTAL RIGHTS.
 II. THE TRIAL COURT ERRED IN HOLDING MS. GRUBE'S CONSENT WAS NOT REQUIRED TO TERMINATE HER PARENTAL RIGHTS IN ADOPTION PROCEEDING
 {¶ 12} The National Center for Adoption Law Policy filed a briefamicus curiae on behalf of Ms. Grube and asserts the following assignment of error:
 THE ROSS COUNTY PROBATE COURT ERRED IN DENYING APPELLANT SHANNON GRUBE'S MOTION FOR APPOINTMENT *Page 5 
OF COUNSEL, AS SUCH APPOINTMENT WAS REQUIRED UNDER THE EQUAL PROTECTION AND DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS AND BY SOUND PUBLIC POLICY SUPPPORTING THE INTEGRITY OF FAIR AND EQUITABLE ADOPTION LAW AND PROCESS FOR ALL ADOPTION STAKEHOLDERS.
 {¶ 13} In keeping with the Supreme Court of Ohio's mandate that we are to decide constitutional issues only when absolutely necessary, see,State ex rel. Essig v. Blackwell, 103 Ohio St.3d 481, 2004-Ohio-5586, ¶ 13, we start with a review of Ms. Grube's second assignment of error because it is dispositive.
 III. Consent {¶ 14} It is undisputed that parents have a fundamental liberty interest in the care, custody and management of their children.Troxel v. Granville (2000), 530 U.S. 57, 65, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49, 56. The right to raise one's child is an essential and basic civil right in this country. In re Hays (1997), 79 Ohio St.3d 46, 48,679 N.E.2d 680, 682-683. An adoption, obviously, terminates that right.In re Adoption of Greer (1994), 70 Ohio St.3d 293, 298, 638 N.E.2d 999,1003; also see R.C. 3107.15(A)(1). Therefore, unless a specific statutory exemption applies, children cannot be adopted without the consent of their natural parents. See McGinty v. Jewish Children'sBur. (1989), 46 Ohio St.3d 159, 161, 545 N.E.2d 1272, 1274; alsosee R.C. 3107.06(A).
 {¶ 15} One such exception to that rule is set forth in R.C.3107.07(A), which provides:
 A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as *Page 6 
required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
The party that seeks to adopt a child without parental consent must prove, by clear and convincing evidence, both (1) that the natural parent failed to support or to communicate with the child for the requisite one-year time period, and (2) that the failure was without justifiable cause. In re Adoption of Bovett (1987), 33 Ohio St.3d 102,515 N.E.2d 919, at paragraph one of the syllabus.
 {¶ 16} We will not disturb a finding that parental consent is not necessary for an adoption unless it is against the manifest weight of the evidence. See Bovett, supra at paragraph four of the syllabus. In other words, if the trial court's finding is supported by some competent credible evidence, that decision will survive appellate review. SeeShemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018,1022.
 {¶ 17} We further acknowledge that the trial court, as trier of fact, is obviously in a better position than the appellate court to view the witnesses and to observe their demeanor, gestures and voice inflections, and to use those observations in weighing the credibility of the proffered testimony. See Myers v. Garson (1993), 66 Ohio St.3d 610, 615,614 N.E.2d 742, 745. Accordingly, we defer to the trial court on issues of weight and credibility. Moreover, a trial court is free to believe all, part or none of the testimony of each witness who appears before it. Rogers v. Hill (1998), 124 Ohio App.3d 468, 470, 706 N.E.2d 438,439.
 {¶ 18} In the case at hand, there is no question that Ms. Grube failed to provide any support or maintenance for her daughter during the one-year period *Page 7 
preceding the filing of the adoption petition. The issue, however, is whether Ms. Grube's failure was justifiable.
 {¶ 19} Ms. Grube argues that her failure to provide maintenance and support for her daughter is facially justified because of: 1) her below-poverty income, 2) the lack of any support order being issued or requested after Mr. Hughes obtained custody, 3) the ability of Mr. and Mrs. Hughes to provide for the child financially, 4) the lack of any evidence that Mr. and Mrs. Hughes ever requested, needed, or desired financial help from Ms. Grube, and 5) Mr. and Mrs. Hughes did not expect nor want financial help from Ms. Grube.
 {¶ 20} Once it is established that a natural parent has failed to support her child, the burden of going forward with the evidence shifts to that parent to show some facially justifiable reason for the failure.Bovett, supra at 104, 515 N.E.2d at 922. A parent can meet that burden by showing unemployment and a lack of income. See e.g. In re Adoption ofKessler (1993), 87 Ohio App.3d 317, 323, 622 N.E.2d 354, 358; In reAdoption of Howell (1991), 77 Ohio App.3d 80, 97, 601 N.E.2d 92, 103. It is axiomatic that a natural parent's failure to support her child is justified when that parent's financial condition is such that she is unable to do so. 2 American Jurisprudence 2d (1994) 997, Adoption, § 88.
 {¶ 21} Furthermore, when a child's needs are adequately provided for by a custodian who is in a better financial position than the natural parent, and the custodian expresses no interest in receiving any financial assistance from the natural parent, the natural parent's failure to support the child may be deemed justifiable. In re Adoptionof Way (Jan. 9, 2002), Washington App. No. 01CA23, *Page 8 
2002-Ohio-117, 2002 WL 59629, at fn. 3, citing In re Adoption ofLaValley (Jul. 9, 1999), Montgomery App. No. 17710, 1999 WL 961785.
 {¶ 22} The court in LaValley reasoned:
 If a parent has any reason to believe that his or her financial assistance may be reasonably necessary for the support of the child, then the failure to provide any financial assistance for a full year evinces such a complete abdication of parental responsibility as to justify the termination of the parental relationship in favor of adoption, so long as the adoption is found to be in the best interests of the child. However, where, as here, the parent has no reason to believe that his or her financial assistance is necessary for the support of the child, and the persons caring for the child have expressed no interest in receiving any financial assistance or contribution from the parent, no such abdication of parental responsibility is suggested by the natural parent's failure to provide financial assistance that is neither needed nor requested.
LaValley, Montgomery App. No. 17710, at 4, citing Matter of Adoption ofHadley (May 6, 1991), Greene App. No. 90CA117, 1991 WL 227737, at 3.
 {¶ 23} Here, the court looked only to Ms. Grube's belief that her financial assistance would be rejected in light of the Hughes' reaction to Ms. Grube's cards. However, the evidence indicates Mr. and Mrs. Hughes never requested any financial assistance from Ms. Grube. Additionally, the court never ordered Ms. Grube to pay support. Ms. Grube indicated that she believed her daughter was being well provided for by Mr. and Mrs. Hughes, in light of their combined income of $72,000, and she had no reason to believe that her financial assistance was necessary. Furthermore, evidence shows that Ms. Grube is unemployed and subsists with her fiancé and four other children[1] on income of less than $25,000 per year. *Page 9 
 {¶ 24} Based on these facts, we conclude the evidence overwhelmingly supports the conclusion that Ms. Grube reasonably believed her financial assistance was not necessary for the support of her child. Accordingly, Ms. Grube's failure to provide financial assistance is justifiable. See,LaValley, supra.
 {¶ 25} The trial court's determination that Ms. Grube failed, without justifiable cause, to make any contribution towards her child's support is against the manifest weight of the evidence. We reverse the trial court's judgment and remand this matter for proceedings consistent with this opinion.
 JUDGMENT REVERSED AND CAUSE REMANDED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Probate Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Abele, J.: Concur in Judgment and Opinion.
McFarland, P.J.: Dissents.
[1] The four children include Ms. Grube's two other daughters, and her fiancé`s two sons. *Page 1