DECISION AND JUDGMENT ENTRY
{¶ 1} Natural father Jerome Mattox ("father") appeals the judgment of the Jackson County Court of Common Pleas, Probate Division, finding that father's consent is not required for the adoption of B.I.P. by Richard Puckett ("step-father"). On appeal, father contends that the trial court erred when it found, inter alia, his failure to support B.I.P. was not justified. Because competent, credible evidence does not support the trial court's finding, we agree. Accordingly, we reverse the trial court's judgment and remand this cause to the trial court with the instruction to dismiss the adoption petition.
 I. {¶ 2} Step-father filed a petition in the probate court to adopt B.I.P. and included the consent to adopt of the natural mother, Kamala Puckett ("mother"). Father refused *Page 2 
to consent to the adoption. Father was listed on B.I.P.'s birth certificate as the father and was administratively determined the legal father.
 {¶ 3} Step-father alleged in the petition that father's consent was not necessary because he failed without justifiable cause, within the one-year period preceding the filing of the petition, to (1) communicate with his child and/or (2) provide maintenance and support for his child.
 {¶ 4} The court conducted a hearing to determine if father's consent was necessary. The testimony showed that B.I.P.'s parents never married and mother had legal custody of B.I.P. since birth. Neither mother nor father initiated child support or paternity proceedings. In fact, it is undisputed that a court order for child support did not exist and that father did not provide money support for B.I.P. in the one-year period preceding the filing of the petition for adoption. During that year, he testified that he constantly sought work but was unemployed for much of the time and only earned $3,000 to $5,000. He lived in his car or stayed with family members. He spent some time out of state working and looking for work. B.I.P.'s babysitter corroborated father's testimony when she testified that father brought toy gifts to B.I.P. on occasion when he visited him in her home, including a football and a Spiderman doll.
 {¶ 5} Father tried to visit with B.I.P. but mother refused. Father also tried to arrange a vacation with B.I.P. by offering to take him to a family reunion. Mother refused to allow B.I.P. to visit or go with father. Mother refused because she felt that father still had a drug problem. She said that the drug problem was one of the reasons they split up in the summer of `05. *Page 3 
 {¶ 6} Father testified about his drug problem. He admitted that he had drug problems in the past. He further admitted that he used drugs on a couple of occasions, i.e., right before Christmas and in February or March, during the one year before the filing of the complaint for adoption. He said that he was in treatment in the month of May of 2005. He said that he sought treatment because in the late 80's, early 90's he had a drug problem from using narcotics for pain medication. He said that he was in Texas on worker's compensation and they gave him the narcotics. He said that he went two to maybe three weeks with a strong addiction. This problem led to the father's use of crack cocaine and then to being in treatment in the month of May of 2005.
 {¶ 7} Father testified that he twice offered money to mother for B.I.P. in August of 2005 (the petition for adoption was filed in September of 2006), but she refused the offer. He said that mother told him that she did not need money for B.I.P. and that father needed the money for himself. Mother testified and corroborated father's testimony regarding an offer of money and her refusal to accept it. Specifically, the mother testified as follows:
 MOTHER: After we split up, he never sent gifts. He never sent money.
 JUDGE: When was that?
 MOTHER: The summer of `05 until today.
 FATHER'S ATTORNEY: Now, isn't it true that . . . isn't it true that [father] offered you money shortly after you split and you refused money?
 MOTHER: (inaudible).
 FATHER'S ATTORNEY: I'm sorry . . . *Page 4 
 MOTHER: Yep . . .
In addition, when asked on cross-examination about telling father that she did not need his money for B.I.P. because he was well taken care of, she did not directly deny it. Instead, she testified: "I don't remember[.]"
 {¶ 8} Father further testified that he believed that B.I.P. was taken care of financially by the mother and step-father; he was never asked for support; and he was never given an indication that support was wanted or needed.
 {¶ 9} The court found that father communicated with B.I.P. within the relevant one-year period but did not maintain and support him during that same period. In addition, the court found that the lack of maintenance and support was not justified because if a support order existed, then father would have had to pay at least $50 per month.
 {¶ 10} Father appeals the trial court's judgment and asserts the following three assignments of error: I. "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT JEROME MATTOX'S CONSENT TO THE ADOPTION IS NOT REQUIRED DUE TO HIS FAILURE TO PROVIDE SUPPORT TO HIS SON BECAUSE HE DID PROVIDE NON-MONETARY SUPPORT." II. "THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY ALLOCATE THE BURDEN OF PROOF BECAUSE WHEN JEROME MATTOX PROVIDED A FACIALLY JUSTIFIABLE REASON FOR HIS LACK OF MONETARY SUPPORT, THE BURDEN SHOULD HAVE SHIFTED TO APPELLEE TO SHOW THAT THE REASON WAS ILLUSONRY." And, III. "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT JEROME MATTOX'S CONSENT TO THE ADOPTION WAS NOT REQUIRED BECAUSE APPELLEE FAILED TO PROVE BY *Page 5 
CLEAR AND CONVVINCING EVIDENCE THAT HIS LACK OF MONETARY SUPPORT WAS UNJUSTIFIED."
 II. {¶ 11} We address father's third assignment of error out of order because it is dispositive. Father contends that the trial court erred when it found that his consent for the adoption of B.I.P. was not necessary. He asserts that his failure to support B.I.P. was justified because he reasonably believed that his support was not necessary.
 {¶ 12} The relationship between a parent and child is a constitutionally protected liberty interest. See, In re Adoption ofZschach (1996), 75 Ohio St.3d 648, 653. Therefore, a parent's consent to an adoption is required and any exception to this requirement "must be strictly construed so as to protect the right of natural parents to raise and nurture their children." In re Adoption of Schoeppner (1976),46 Ohio St.2d 21, 24.
 {¶ 13} R.C. 3107.07 provides for exceptions to requiring the natural parent's consent for adoptions. One exception is when the trial "court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to * * * provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner." R.C. 3107.07(A).
 {¶ 14} "[T]he petitioner for adoption has the burden of proving, by clear and convincing evidence, both (1) that the natural parent has failed to support the child for *Page 6 
the requisite one-year period, and (2) that this failure was without justifiable cause." In re Adoption of Bovett (1987), 33 Ohio St.3d 102, paragraph one of the syllabus.
 {¶ 15} Here, under step one, the trial court found that step-father proved by clear and convincing evidence that father failed to support B.I.P. for the requisite one-year period. For purposes of this opinion, we will assume, without deciding, that the trial court's finding of non-support is correct.
 {¶ 16} "Once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure. The burden of proof, however, remains with the petitioner." Id. at paragraph two of the syllabus. "[T]he probate court shall determine the issue of justifiable cause by weighing the evidence of the natural parent's circumstances for the statutory period for which he or she failed to provide support. The court shall determine whether the parent's failure to support the childfor that period as a whole (and not just a portion thereof) was without justifiable cause." (Emphasis in original.) Id. at paragraph three of the syllabus.
 {¶ 17} "The question of whether a natural parent's failure to support his or her child has been proven by the petitioner by clear and convincing evidence to have been without justifiable cause is a determination for the probate court, and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." Id. at paragraph four of the syllabus. A judgment is not against the manifest *Page 7 
weight of the evidence if some competent, credible evidence in the record supports it. CE. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, syllabus.
 {¶ 18} The word "justifiable" means "[c]apable of being legally or morally justified; excusable; defensible." Black's Law Dictionary (8th Ed.2004) 882. Some facially justifiable reasons for failure to support one's child are: (1) unemployment and a lack of income, and (2) the custodian, who is in a better financial position than the natural parent, adequately provides for a child's needs and expresses no interest in receiving any financial assistance. In re Adoption ofHughes, Ross App. No. 07CA2947, 2007-Ohio-3710, ¶¶ 20-21 (Cites omitted.).
 {¶ 19} Here, under step two, the trial court found that father's failure to provide support was not justified. Specifically, the court stated that "it is the Court's normal practice to establish at least a minimum order of support, normally $50 per month, which it seems would create no hardship to the father, but maintain the obligation. Using this reasoning, the Court finds that there is not justification for the father not to have at least minimally provided something in the way of value, whether money or clothing or diapers, or other items of necessity for the child."
 {¶ 20} The failure of the father to meet a theoretical child support order is the only factor the trial court considered. However, we find that this one factor is not competent, credible evidence that supports the trial court's "[no] justification" finding. In fact, the evidence of a lack of a child support order is one factor in favor of a "justification" finding. *Page 8 
 {¶ 21} We considered the lack of a child support order as one of several factors justifying the failure to support a minor child inIn re Adoption of S.A.H., supra. In S.A.H., the following circumstances existed: (1) the natural father, as the custodial parent, never requested any financial assistance from the natural mother; (2) the court never ordered the natural mother to pay child support; (3) the natural mother believed that her minor child was well provided for because the natural father's income when combined with his wife's income totaled $72,000, while the natural mother was unemployed and subsisted with her fiancé and his four children on an income of less than $25,000; and (4) the natural mother reasonably believed that her financial assistance was not necessary. Id. at ¶ 23.
 {¶ 22} Here, father presented similar circumstances as inS.A.H. for his failure to support his child. That is, (1) mother, as the custodial parent, never requested any child support or other assistance; (2) the court never ordered father to pay child support; (3) father believed that B.I.P. was well provided for and even though he actively sought work, he only earned $3,000-$5,000; and (4) father believed that his financial assistance was not necessary during the one year before the filing of the petition for adoption because mother on two occasions in August of 2005 refused his attempt to pay child support. Furthermore, the mother admitted that she refused father's support offer and did not directly deny that she told father that she did not need father's money because B.I.P. was well taken care of.
 {¶ 23} Therefore, we find that the above competent, credible evidence overwhelmingly supports a finding that father's failure to support B.I.P. within the *Page 9 
relevant one-year period is with justifiable cause. Stated differently, we find that stepfather failed to show with competent, credible evidence that father's lack of support was "without justifiable cause." See R.C.3107.07(A).
 {¶ 24} Accordingly, we sustain father's third assignment of error; find his first and second assignments of error moot; and reverse the judgment of the trial court. We remand this cause to the trial court with the instruction to dismiss the petition for adoption.
 JUDGMENT REVERSED AND CAUSE REMANDED. *Page 10