[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The parties' briefs contain conflicting case captions. We use the caption that appears on the trial court's final judgment entry.
 DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Hocking County Probate Court judgment. The trial court concluded that the adoption of the minor child, J.S., could proceed without the consent of her natural mother, Jill Snider, appellant herein.
 {¶ 2} Appellant raises the following assignments of error for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN HOLDING APPELLANT JILL SNIDER'S CONSENT WAS NOT *Page 2 
REQUIRED TO TERMINATE HER PARENTAL RIGHTS IN ADOPTION PROCEEDING WHERE THE COURT'S FINDING THAT HER FAILURE TO PROVIDE SUPPORT WAS WITHOUT JUSTIFIABLE CAUSE. THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 SECOND ASSIGNMENT OF ERROR:
 "THE RECORD IS VOID OF ANY EVIDENCE OF SERVICE OR NOTICE TO THE NATURAL FATHER OF [THE CHILD], JULIO RODRIGUEZ."
 {¶ 3} In February of 2004, Children Services placed the child with the child's maternal grandmother and step-grandfather, Donna Jean Sanders and Harold Blake Sanders, appellees herein.[2] On February 2, 2007, appellees filed a petition to adopt the child. The petition alleged that appellant's consent was not required because she failed to provide maintenance and support for the previous year without justifiable cause. The petition also alleged that the father's consent was not required. Appellant objected to the adoption.
 {¶ 4} On July 23, 2007, the trial court held a hearing to determine whether appellant's consent was required. Appellant's mother, Donna Jean Sanders, testified that J.S. has lived with her continuously since February of 2004, except for a short period when she was returned to appellant's care. During a ten to eleven month period that ended in May of 2006, appellant did not even see the child. At the end of May of 2006, appellant entered Rural Women's Recovery in Athens. Donna Jean Sanders stated that this was appellant's third attempt at drug rehabilitation. Sanders further stated that appellant has abused drugs and that when appellant is not in a drug *Page 3 
rehabilitation program, she "relapses [and] she always seems to find jobs and make money, but it all goes to drugs."
 {¶ 5} Harold Blake Sanders testified similarly to his wife. He stated that appellant has not provided the child with any support since 2004, and that she has not provided the child with any gifts within the year preceding the adoption petition or during her more recent visits at the end of 2006.
 {¶ 6} Appellant testified that she entered Rural Women's at the end of May 2006. After that, she entered a different drug treatment program called Amethyst. The program prohibits her from working, but provides housing and she receives $381 per month. She stated that before entering the drug rehabilitation program, she did not have any means to support herself. She testified that she was not employed or in a drug program between February 2006 and the end of May 2006. Appellant additionally testified that she gave the child gifts during visitations.
 {¶ 7} On December 19, 2007, the trial court determined that appellant's consent to the adoption was not required. The court found that appellees met their burden to show that appellant failed to provide support for the child from September 2004 to the time of the hearing. The court further found that appellant did not show justifiable cause for her failure to provide support for the child. The court noted that before she entered drug treatment in May of 2006, she had periods of employment but failed to provide support for her child. She, however, was able to support her drug habit. This appeal followed.
 I {¶ 8} In her first assignment of error, appellant asserts that the trial court's *Page 4 
finding that her consent to the adoption is not required is against the manifest weight of the evidence. In particular, she contends that the court improperly determined that she failed to support her child without justifiable cause. She argues that her failure was justified because: (1) her parents, who had legal custody of the child, had adequate means to support the child; (2) her parents did not request that she provide support for the child, and no court had ordered her to provide support; and (3) she was unemployed and unable to work due to her participation in a drug rehabilitation program.
 A STANDARD OF REVIEW {¶ 9} We will uphold a trial court's determination regarding parental consent to adopt as long as its finding is not against the manifest weight of the evidence. See In re Bovett (1987), 33 Ohio St.3d 102,515 N.E.2d 919, paragraph four of the syllabus; In re Masa (1986),23 Ohio St.3d 163, 492 N.E.2d 140, paragraph two of the syllabus; In reB.I.P., Jackson App. No. 07CA9, 2007-Ohio-6846, at ¶ 17. Thus, we will not disturb a trial court's parental consent finding as long as some competent, credible evidence supports its decision. See, e.g., C.E.Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus. When we apply this standard, we defer to the trial court on issues of weight and credibility. This is because the trial court, as the trier of fact, is obviously in a better position than the appellate court to view the witnesses and to observe their demeanor, gestures and voice inflections, and to use those observations in weighing the credibility of the proffered testimony. See, e.g.,Myers v. Garson (1993), 66 Ohio St.3d 610, 615, 614 N.E.2d 742. Moreover, a trial court is free to believe all, part or none of the testimony of each witness who appears *Page 5 
before it. See, e.g., Rogers v. Hill (1998), 124 Ohio App.3d 468, 470,706 N.E.2d 438.
 B CONSENT {¶ 10} "[N]atural parents have a fundamental right to the care and custody of their children." In re Adoption of Pushcar,110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, at ¶ 11, citing Masa,23 Ohio St.3d at 165; see, also, Santosky v. Kramer (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599. The right to raise one's child is an essential and basic civil right. See In re Hays (1997),79 Ohio St.3d 46, 48, 679 N.E.2d 680. An adoption, obviously, terminates that right. See In re Adoption of Greer (1994), 70 Ohio St.3d 293, 298,638 N.E.2d 999; see, also, R.C. 3107.15(A)(1). Therefore, unless a specific statutory exception applies, children cannot be adopted without the consent of their natural parents. See McGinty v. Jewish Children'sBur. (1989), 46 Ohio St.3d 159, 161, 545 N.E.2d 1272; see, also, R.C. 3107.06(A). Moreover, "[b]ecause adoption terminates * * * fundamental rights, any exception to the requirement of parental consent to adoption must be strictly construed." Pushcar, at Tf11.
 {¶ 11} R.C. 3107.07 lists several exceptions to the general rule requiring the natural parent's consent to adopt. As relevant to the case at bar, the natural parent's consent is not required if the "court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to * * * provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner." R.C. 3107.07(A). Under this provision, "the petitioner for adoption has the burden of proving, by clear and convincing evidence, *Page 6 
both (1) that the natural parent has failed to support the child for the requisite one-year period, and (2) that this failure was without justifiable cause." Bovett, paragraph one of the syllabus.
 {¶ 12} Once the petitioner establishes that the natural parent has failed to support the child, the burden of going forward with the evidence shifts to the parent to show some facially justifiable reason for the failure. In re S.A.H., Ross App. No. 07CA2947, 2007-Ohio-3710, at ¶ 20, citing Bovett, 33 Ohio St.3d at 104. A parent can meet that burden by showing unemployment and a lack of income. Id., citing Inre Adoption of Kessler (1993), 87 Ohio App.3d 317, 323, 622 N.E.2d 354;In re Adoption of Howell (1991), 77 Ohio App.3d 80, 97, 601 N.E.2d 92. "Furthermore, when a child's needs are adequately provided for by a custodian who is in a better financial position than the natural parent, and the custodian expresses no interest in receiving any financial assistance from the natural parent, the natural parent's failure to support the child may be deemed justifiable." Id. at ¶ 21, citingIn re Adoption of Way (Jan. 9, 2002), Washington App. No. 01 CA23, 2002-Ohio-117, at fn. 3; In re Adoption of LaValley (Jul. 9, 1999), Montgomery App. No. 17710. As the court explained in LaValley:
 ""If a parent has any reason to believe that his or her financial assistance may be reasonably necessary for the support of the child, then the failure to provide any financial assistance for a full year evinces such a complete abdication of parental responsibility as to justify the termination of the parental relationship in favor of adoption, so long as the adoption is found to be in the best interests of the child. However, where, as here, the parent has no reason to believe that his or her financial assistance is necessary for the support of the child, and the persons caring for the child have expressed no interest in receiving any financial assistance or contribution from the parent, no such abdication of parental responsibility is suggested by the natural parent's failure to provide financial assistance that is neither needed nor requested.'" *Page 7 
 LaValley, Montgomery App. No. 17710, at 4, quoted in S.A.H., at ¶ 22.
 {¶ 13} In the case at bar, appellant does not dispute that she failed to provide support for her child in the year preceding the filing of the adoption petition. Instead, she disputes the trial court's finding that her failure was not justified.
 {¶ 14} In S.A.H., the mother asserted that her failure to provide maintenance and support for her child was facially justified due to: (1) her below-poverty income, (2) the lack of any support order being issued or requested after the petitioners obtained custody, (3) the petitioners' ability to provide for the child financially, (4) the lack of any evidence that the petitioners ever requested, needed, or desired financial help from the mother, and (5) the petitioners did not expect nor want financial help from the mother. We determined that these facts established that the mother reasonably believed that her financial assistance was unnecessary and that her failure to provide support for her child was justified. We reasoned: "[T]he evidence indicates [the petitioners] never requested any financial assistance from [the mother]. Additionally, the court never ordered [the mother] to pay support. [The mother] indicated that she believed her daughter was being well provided for by [the petitioners], in light of their combined income of $72,000, and she had no reason to believe that her financial assistance was necessary. Furthermore, evidence shows that [the mother] is unemployed and subsists with her fiancéé and four other children on income of less than $25,000 per year." Id. at ¶ 23. We therefore concluded that the trial court's finding that the mother's failure to support her child was without justifiable cause was against the manifest weight and reversed and remanded the trial court's judgment.
 {¶ 15} In Way, supra, we determined that the mother's failure to support her child was justified when her sole source of income was $512 in monthly social security *Page 8 
benefits.
 {¶ 16} The above cases share similarities to the case at bar: (1) appellant is unemployed and is currently unable to work due to her participation in a drug rehabilitation program; (2) she reasonably believed that her financial assistance was unnecessary because appellees' combined income is approximately $100,000; and (3) no court had ordered her to provide support and appellees never requested financial assistance. One important distinction exists however: throughout at least some of the time during the year preceding the adoption petition and during the two to three years preceding the adoption petition, appellant found sufficient funds to purchase and abuse drugs. Thus, while she claims that she was unable to support her child, she was able to support her purchase of illegal drugs. Apparently, appellant elevated her drug use over the well-being of her child, and, in this sense, she abdicated her parental duties, even if appellees possessed sufficient means to provide for the child's basic needs.
 {¶ 17} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 18} In her second assignment of error, appellant argues that the trial court's determination that her consent is not required is invalid because the record does not indicate that the father received proper notice of the adoption petition.
 {¶ 19} "It is well established in Ohio that an appeal lies only on behalf of a party aggrieved. Such party must be able to show that he has a present interest in the subject matter of the litigation and that he has been prejudiced by the judgment of the lower court." In re Love
(1969), 19 Ohio St.2d 111, 249 N.E.2d 794. One may not challenge an alleged error committed against a non-appealing party absent a showing *Page 9 
that the challenger has been prejudiced by the alleged error. See, e.g.,In re Cook (Oct. 8, 1998), Hancock App. No. 5-98-16; In re M.M. (Feb. 2, 2002), Cuyahoga App. No. 79947. In the case at bar, appellant cannot appeal an alleged error against the father, a non-appealing party. Consequently, this assignment of error lacks merit. Furthermore, we agree with appellee's statement that a review of the court file reveals that the trial court gave the child's father notice of the proceeding as required under the Civil Rules. See Civ. R. 4.3(B)and 4.6(D).
 {¶ 20} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's second assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Probate Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. McFarland, J.: Concur in Judgment Opinion
[2] At the hearing, appellees requested the trial court to take judicial notice of juvenile court proceedings involving the child. However, none of those records are included in the appellate record. *Page 1