DECISION AND JUDGMENT ENTRY
{¶ 1} Linda Mills appeals the Scioto County Probate Court's judgment finalizing the adoption of her daughter. She contends the trial court erred in finding that she failed, without justifiable cause, to provide for the maintenance and support of her daughter for at least one year preceding the filing of the petition, making her consent to the adoption unnecessary. She argues her lack of support was justified because she was unemployed, her sole source of income was from supplemental security income ("SSI") and she was under no court order to pay child support.
 {¶ 2} Richard and Audria Newsome ("the Newsomes") initially contend that Ms. Mills' arguments are barred by res judicata because she failed to appeal the trial court's finding on the issue of consent within thirty days. Because the court's finding on Ms. Mills' consent was a partial final judgment entry that is appealable alternatively thirty *Page 2 
days after the court rendered its final order on the adoption petition, Ms. Mills' appeal is timely.
 {¶ 3} The Newsomes also argue that Ms. Mills' failure to support her child was not justified because she received approximately $10,000 in SSI benefits, had minimal living expenses, received public assistance for her other children, and had a common law duty to support her child. We agree. Accordingly, we affirm the judgment.
 I. Facts {¶ 4} B.E.M. was born on February 17, 2004, and is the natural daughter of Ms. Mills. However, paternity has never been established. In September 2004, the Scioto County Juvenile Court granted emergency custody of the child to her maternal grandparents, who then placed her with the Newsomes. In April 2005, under an agreed judgment entry signed by Ms. Mills and the Newsomes, the juvenile court awarded legal custody of the child to the Newsomes. The agreed entry did not order Ms. Mills to pay child support, but it did order her to pay the Newsomes any public benefits she received for her daughter.
 {¶ 5} On March 10, 2006, the Newsomes filed a petition to adopt the child and to change her name to S.L.N. The petition alleged that Ms. Mills' consent was not required because she had failed, without justifiable cause, to provide for the child's maintenance and support for a period of at least one year before the filing of the petition.[1]
 {¶ 6} At a hearing to determine whether Ms. Mills' consent was necessary, the parties stipulated that Ms. Mills provided no monetary support to the Newsomes for her *Page 3 
daughter between March 2005 and March 2006, the statutory one-year period. However, Ms. Mills argued that she provided in-kind support, including clothes, shoes, and gifts, and that her actions were justified because she was unemployed and drew only SSI benefits.
 {¶ 7} Ms. Mills testified that in March of 2005, she was unemployed and lived with her father, expense-free. Shortly after receiving a $3,444.00 settlement check from SSI in April 2005, she moved into a mobile home with her boyfriend, Shannon Horsley. In May 2005, she began receiving monthly SSI checks for $579.00, which increased to $603.00 per month in January 2006. She testified that she purchased a car from the Newsomes for $1,500.00 and $400.00 worth of clothing for her daughter out of her SSI settlement check. She also testified that "on and off" she purchased clothes for her daughter when she had "spare money," bought shoes for her on two occasions, and spent approximately $1,000.00 on gifts for her at Christmas 2005. She indicated that in July 2005, she regained custody of another daughter and, in September 2005, gave birth to a third child; she received public assistance, including food stamps and a medical card, for both of these other children. Ms. Mills testified that she contributed nothing to Mr. Horsley's individual living expenses, but that they split their monthly household expenses equally.
 {¶ 8} Mr. Horsley testified that he owns the mobile home in which he and Ms. Mills continue to live and that although his parents own the land, they permit him to work off the rent each month. Between March 2005 and July 2005, he was employed full-time by M and J Welding for three weeks earning approximately $6.50 to $7.00 per hour and was employed full-time by Paul Ruggles Electric for eight to nine weeks earning *Page 4 
about $8.00 per hour. In September 2005, he began working full-time for M and D Cable. He worked for 90 days at $6.00 per hour, which was later increased to $6.50 per hour, and often worked overtime. In March 2006, he took a voluntary layoff and began receiving unemployment compensation.
 {¶ 9} Ms. Newsome testified that between March 2005 and March 2006, Ms. Mills provided no support to her child in the form of shoes, diapers, food, formula, car seats, strollers, or money. She testified that Ms. Mills did purchase three to four summer outfits for her daughter and provided some toys to her daughter at Christmas 2005, but no clothes or shoes. Mr. Newsome's testimony corroborated this testimony. Mr. Newsome also testified that Ms. Mills did not provide her daughter with approximately $1,000.00 worth of gifts for Christmas in 2005; rather, the child received a wooden rocking horse from Mr. Horsley's mother and some toys he believed were donated from the fire department.
 {¶ 10} In an entry dated January 16, 2007, the court found by clear and convincing evidence that Ms. Mills had failed, without justifiable cause, to provide support or maintenance of the minor child as required by law during the one-year period. Accordingly, the court concluded that Ms. Mills' consent to the adoption was not required.
 {¶ 11} The court then conducted a hearing on the merits of the adoption petition. In an entry dated September 21, 2007, the court determined that it was in the best interest of the child to grant the adoption and change the child's name to S.L.N.
 {¶ 12} Ms. Mills appeals and raises the following assignment of error:
 The Trial Court erred and abused its discretion in its ruling herein when it determined that the natural mother-appellant failed to provide maintenance or *Page 5 
support for her child for a period of at least one year immediately preceding the petition for adoption filed on March 10, 2006, and that her failure to pay support was without justification which said ruling was against the manifest weight of the evidence.
 II. Timely Appeal {¶ 13} Prior to addressing the merits of Ms. Mills' assignment of error, we must first determine whether her appeal is timely. Ms. Mills filed a notice of appeal on October 18, 2007. It states that she appeals from the probate court's September 21, 2007 judgment entry that granted the adoption petition and incorporated the court's prior order on the issue of consent. Her sole assignment of error presented in this appeal relates to the court's ruling that her consent was not necessary.
 {¶ 14} The Newsomes contend the January 16, 2007 judgment entry was a final appealable order and that Mills should have appealed within the thirty days of its filing. They argue that in the absence of an earlier Notice of Appeal, the issue of consent has now become res judicata and is not reviewable in this appeal from the final adoption order.
 {¶ 15} In In re Adoption of Greer (1994), 70 Ohio St.3d 293,638 N.E.2d 999, the Supreme Court of Ohio held that, "[a] trial court's finding pursuant to R.C. 3107.07 that the consent to an adoption of a party described in R.C. 3107.06 is not required is a final appealable order." Id. at paragraph one of the syllabus. See, also, In re Adoptionof Johnson (1995), 72 Ohio St.3d 1217, 651 N.E.2d 429. Accordingly, the trial court's January 16, 2007 entry on the issue of consent is a final appealable order. While Ms. Mills failed to file a notice of appeal from the January 16, 2007 judgment entry within thirty days from that date, that failure is not fatal.
 {¶ 16} App. R. 4(B)(5) provides: *Page 6 
 Partial final judgment or order. If an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order entered under Civ. R. 54(B), a party may file a notice of appeal within thirty days of entry of the judgment or order appealed or the judgment or order that disposes of the remaining claims. Division (A) of this rule applies to a judgment or order entered under Civ. R. 54(B).
 {¶ 17} Thus, even though the court's finding that Ms. Mills' consent is not required was a final appealable order, it is considered a "partial final judgment" that is also appealable under App. R. 4(B)(5) thirty days after the court renders a final order on all issues in the case. See In re Adoption of Eblin (1998), 126 Ohio App.3d 774, 776. See, also, the dissenting opinions in: In re Adoption of Knauff (Aug. 24, 2001), Highland App. No. 01CA7, and In re Adoption of Carter (Dec. 15, 1995), Gallia App. No. 95CA11.
 {¶ 18} Because Ms. Mills filed her notice of appeal within thirty days of the court's issuance of its final order on the adoption petition, her appeal is timely.
 III. Consent {¶ 19} It is undisputed that parents have a fundamental liberty interest in the care, custody and management of their children.Troxel v. Granville (2000), 530 U.S. 57, 65, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49, 56. The right to raise one's child is an essential and basic civil right in this country. In re Hays (1997), 79 Ohio St.3d 46, 48,679 N.E.2d 680, 682-683. An adoption obviously terminates that right.In re Adoption of Greer (1994), 70 Ohio St.3d 293, 298, 638 N.E.2d 999,1003; see, also, R.C. 3107.15(A)(1). Generally, children cannot be adopted without the consent of their natural parents because consent is a jurisdictional prerequisite to adoption. See McGinty v. JewishChildren's Bur. (1989), 46 Ohio St.3d 159, 161, 545 N.E.2d 1272, 1274; see, also, R.C. 3107.06(A). *Page 7 
 {¶ 20} One exception to the general rule is found in R.C. 3107.07(A), which provides:
 A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
 {¶ 21} The party that seeks to adopt a child without parental consent must prove, by clear and convincing evidence, both (1) that the natural parent failed to support or to communicate with the child for the requisite one-year time period, and (2) that the failure was without justifiable cause. In re Adoption of Bovett (1987), 33 Ohio St.3d 102,515 N.E.2d 919, at paragraph one of the syllabus.
 {¶ 22} We will not disturb a finding that parental consent is unnecessary for an adoption unless it is against the manifest weight of the evidence. Id. at paragraph four of the syllabus. In other words, if the trial court's finding is supported by some competent credible evidence, that decision will survive appellate review. See Shemo v.Mayfield Hts. (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018, 1022. This remains true even where the burden of proof is "clear and convincing." See In re Adoption of Bovett, supra, at paragraph four of the syllabus.
 {¶ 23} We further acknowledge that the trial court, as trier of fact, is obviously in a better position than the appellate court to view the witnesses and to observe their demeanor, gestures and voice inflections, and to use those observations in weighing the credibility of the proffered testimony. See Myers v. Garson (1993), 66 Ohio St.3d 610, 615,614 N.E.2d 742, 745. Accordingly, we defer to the trial court on issues of *Page 8 
weight and credibility. Moreover, a trial court is free to believe all, part or none of the testimony of each witness who appears before it. SeeRogers v. Hill (1998), 124 Ohio App.3d 468, 470, 706 N.E.2d 438, 439.
 {¶ 24} Ms. Mills contends the trial court's finding that her consent was unnecessary is erroneous. In support of her contention, she limits her argument to the issue of whether her failure was excused by "justifiable cause." Specifically, she argues that her failure to pay was justified because she was unemployed and only collected SSI during the statutory one-year period and because she was under no court order to pay child support. She relies on our decision in In re Adoption ofWay, Washington App. No. 01CA23, 2002-Ohio-117, where we considered a natural mother's "disability, lack of job, meager monthly SSI benefits, and the fact that the trial court properly relieved her of her court ordered support obligation" as factors justifying her failure to support her minor child. Id. at *5.
 {¶ 25} The Newsomes contend that Ms. Mills had a duty to support her child and that In re Adoption of Way is distinguishable because, here, the parties' agreed the entry was silent on the issue of child support, i.e., it did not specifically relieve Ms. Mills of her duty to support her daughter. They also indicate unlike the natural mother inWay, Ms. Mills received a lump sum settlement payment from SSI and had minimal living expenses.
 {¶ 26} The trial court found by clear and convincing evidence that Ms. Mills failed to support her daughter for the requisite one-year period. We will assume, without deciding, that the trial court's finding of non-support is correct because Ms. Mills has not contested it. *Page 9 
 {¶ 27} Once it is established that a natural parent has failed to support her child, the burden of going forward with the evidence shifts to that parent to show some facially justifiable reason for the failure.In re Adoption of Bovett, supra, at 104. A parent can meet that burden by showing unemployment and a lack of income. See In Re Adoption ofWay, supra, at *3, citing In re Adoption of Kessler (1993),87 Ohio App.3d 317, 323, 622 N.E.2d 354, 358; In re Adoption of Howell (1991),77 Ohio App.3d 80, 97, 601 N.E.2d 92, 103. It is axiomatic that a natural parent's failure to support her child is justified when that parent's financial condition is such that she is unable to do so. In ReAdoption of Way, supra, at *3, citing 2 American Jurisprudence 2d (1994) 997, Adoption, § 88.
 {¶ 28} We have previously considered the lack of a child support order as one of several factors justifying the failure to support a minor child. See In re Adoption of B.I.P., Jackson App. No. 07CA9,2007-Ohio-6846, at ¶ 20-23; see, also, In re Adoption of Hughes, Ross App. No. 07CA2947, 2007-Ohio-3710, at ¶ 19. And, "when a child's needs are adequately provided for by a custodian who is in a better financial position than the natural parent, and the custodian expresses no interest in receiving any financial assistance from the natural parent, the natural parent's failure to support the child may be deemed justifiable." In re Adoption of Hughes, supra, at ¶ 21, citing In reAdoption of Way, supra, at fn. 3, citing In re Adoption of LaValley
(July 9, 1999), Montgomery App. No. 17710, 1999 WL 961785.
 {¶ 29} Here, the evidence was uncontroverted that Ms. Mills was unemployed and collected only SSI benefits during the statutory one-year period. She also had custody of two other children during part of the year and in fact received public *Page 10 
assistance for those children. The parties also agree that Ms. Mills was under no court-imposed order to pay child support. The evidence also shows that the Newsomes, who were in a better financial position than Ms. Mills, provided for the child. And although the trial court found that they could have used the help, the court also found that the Newsomes never requested any financial assistance from Ms. Mills. We believe that this evidence establishes a facially justifiable cause for her failure to support her daughter.
 {¶ 30} Once Ms. Mills met her burden of going forward, the Newsomes had to show by clear and convincing evidence that Ms. Mills' justification was illusory. See In re Adoption of Ewart, Ross App. No. 04CA2796, 2005-Ohio-116, at ¶ 11, citing In re Adoption of Kessler
(1993), 87 Ohio App. 3d. 317, 324, 622 N.E.2d 354, 358. The trial court apparently believed the Newsomes met this burden. The probate court found that while the juvenile court order did not order Ms. Mills to pay periodic child support, she retained a common law duty to support her child.
 {¶ 31} We agree that Ms. Mills still had a common law duty to support her daughter even though the juvenile court's entry did not order periodic support payments. And Ms. Mills testified that her understanding of her duty to support her daughter under the agreed judgment entry was "to take care of my daughter in the best interest that I could."
 {¶ 32} While SSI benefits cannot be used to calculate a court order of periodic support payments, see Morris v. Morris, Meigs App. No. 02CA10,2003-Ohio-5598, at ¶ 1, 12, how Ms. Mill's chose to spend her lump sum award is indicative of her level of concern and participation in S.L.N.'s life. When she received the $3,444 SSI settlement *Page 11 
check, Ms. Mills purchased a car, which she titled in her boyfriend's name, and went on a day-long shopping spree for herself and her other children. Even though means-tested public assistance programs, such as SSI, are not considered gross income for calculating court ordered periodic child support, we believe a trial court may properly consider them as a resource available for satisfaction of a parent's common law duty of support. Here, Mills also received a monthly SSI benefit, so during the one-year period in question she received approximately $10,488, including the lump-sum award.
 {¶ 33} In our view, Mills' lack of support is unjustified and distinguishable from the situation in Way. There, the mother's total "income" for the year was approximately $6,000. Also, the mother inWay was expressly relieved by a court order from paying child support. Here, the court's order was merely silent. Furthermore, Mills had minimal, if any, monthly living expenses, yet she failed to provide her daughter with anything but a few summer outfits and some toys provided to her by other people. Given the totality of the circumstances, it is difficult to believe that she was justified in doing next to nothing.
 {¶ 34} "The reasoning behind R.C. 3107.07(A) is to allow adoptions when non-consenting parents have abandoned and lost interest in their children." In re Adoption of Way, supra, at *5, citing In re Adoption ofJarvis (Dec. 11, 1996), Summit App. No. CA17761, unreported. Given the totality of the circumstances, we believe that the evidence shows that Ms. Mills essentially abandoned her daughter. Accordingly, we reject her assignment of error.
 JUDGMENT AFFIRMED. *Page 12 
 JUDGMENT ENTRY
It is ordered that the trial court's JUDGMENT IS AFFIRMED. Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Probate Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] The petition also alleged that consent was not necessary because Ms. Mills had failed to communicate with her child as required. However, prior to the hearing, the Newsomes withdrew that allegation. *Page 1